## ROBINSON v. SMITH et al. (No. 2.)

Two defendants filed a joint plea of the statute of limitations, and the plea being held bad as to one defendant, the Court, on the trial, permitted the other defendant to file a separate plea of the statute. *Held*, that this was no such gross abuse of discretion as to enable the Supreme Court to revise it.

APPEAL from the Sixth District.

Suit on note given as in case of same title, (*ante.*) Plea, of the statute of limitations, and that the note was not due, because of the failure of Sutter to perfect title, etc.

Judgment below for plaintiff against defendant, Barber, and in favor of defendant, Smith. Plaintiff appeals.

*Heydenfeldt*, for Appellant, cited : *Cook* v. *Spears*, 2 Cal. 409 ; 1 Chitty, 567 ; 1 Burrill's Prac. 175 ; 6 Hill, 223, 227 ; 2 Wils. 253 ; 7 Cow. 401 ; 1 Wend. 302 ; 2 Id. 294 ; 20 Johns. 153.

*P. L. Edwards*, and *Latham & Sunderland*, for Respondent, cited : Pr. Act, Sec. 68 ; Voorhies' Code, 4th Ed. 252, 260 ; 12 Barb. 215 ; 5 Sandf. 224.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

In this case the Court allowed the defendant, Smith, Appellant, to file a several plea of the statute of limitations, he having before filed a joint plea with the other defendant, Barber, which was held not to be good in favor of Barber. The amendment was made on the trial, and after this plea was held bad as to Barber. This appeal questions the propriety of this action of the Court. But we think we cannot revise this ruling of the District Court. Amendments are very much matters of discretion, and unless a gross abuse of that discretion be shown, we cannot revise the action of the Judge who tries the cause. We see no such abuse in this case.

Judgment affirmed.