## CHARLES KRAFT, Respondent, *v.* HENRY GREATHOUSE, Appellant.

STATUTE OF LIMITATIONS.—The statute of limitations can not be raised in the supreme court for the first time, as upon a general demurrer to the complaint. It must be taken advantage of in the court below, by answer or demurrer.

STATUTE OF FRAUDS.—The statute of frauds must be pleaded in the court below, or it can not be considered upon appeal.

APPEAL from the second judicial district, Ada county.

*Scaniker & Burmester,* for the appellant.

*H. E. Prickett and J. Brumback,* for the respondent.

KELLY, J., delivered the opinion of the court, MILLER, J., concurring.

This action is brought upon an account for the recovery of eight hundred and fourteen dollars. The complaint alleges that the defendant and plaintiff on the thirteenth day of March, 1865, entered into a verbal contract whereby the plaintiff was to board one or both of the two sons of defendant, William and George, and to advance, when necessary, money in payment for tuition, clothing, etc., furnished them, and defendant agreed for each and every day the plaintiff should board his said sons or either of them, he

would pay the plaintiff one dollar per each day for each, and all money advanced by plaintiff for tuition, clothing, etc., furnished his said sons by plaintiff. Then follow two counts. The first count alleges that in pursuance of said contract, plaintiff boarded, schooled, paid tuition, etc., for defendant's sons up to the thirty-first day of July, 1866, when plaintiff and defendant had a settlement, and upon an account stated there was found due plaintiff the sum of seventy-one dollars.

The second count alleges that the plaintiff, in pursuance of the aforesaid contract, continued to board, school, and clothe said children from the thirtieth day of July, 1866, until the thirtieth day of July, 1868, showing the particular items, etc., amounting to seven hundred and forty-three dollars. And he then prays judgment for the seventy-one dollars, and the seven hundred and forty-three dollars, amounting in the whole to eight hundred and fourteen dollars. The summons and complaint were duly served. The defendant made no appearance, and judgment was entered by default, by the clerk in the court below, from which defendant appeals to this court. The complaint, service, default, and judgment, in all things appear regular.

But appellant interposes two objections to the complaint, upon which he asks a reversal of the judgment—to the first count, the statute of limitations; and to the second count, the statute of frauds. Appellant's counsel claim that under a demurrer which states in general terms that the complaint does not contain facts sufficient to constitute a cause of action, the defense of the statute of limitations may be made; and when demurrable on the ground that the complaint does not state facts sufficient, etc., advantage can be taken of the defect at any stage of the proceedings, either before or after judgment—the defect is never waived. In support of this position counsel refer to authorities in New York and California. In New York the rule of decision is that a general demurrer raises the question as to the sufficiency of the complaint. (1 Seld. 357.) But there are certain exceptions. The statute of limitations can not be raised except by answer. (3 New York Stats.) Appel-

lant's counsel also insist that in California, under a statute precisely in the words of ours, a general demurrer has been held sufficient to raise the statute of limitations up to 1864, and in the case of *Brown* v. *Martin*, 25 Cal. 83, where a majority of the court hold that a general demurrer would not lie, unless it specially referred to the statute of limitations, was not the law in the case, but that the dissenting opinion was the better law, and ought to govern in such cases. The minority opinion refers to the case of *Ellison* v. *Halleck*, 6 Cal. 393. The claim in this case was against the estate of a deceased person, and there was no allegation in the complaint that the claim had been presented to the defendants, executors of Folsom, and had been rejected by them. Under the laws of California, "no holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator." It is further provided, that every claim shall be accompanied with the affidavit of the holder, that the amount is justly due, and that no payments have been made thereon. For the want of this affirmative matter in the complaint, the defendants put in a general demurrer. The court say, upon the question whether this point should have been taken advantage of by answer or demurrer: "We are satisfied that the demurrer was properly interposed. The non-presentation was not a matter of avoidance only, to be taken advantage of by plea. The general right to sue an administrator was taken away by the statute, except in case of presentation and rejection of the account, and the declaration should have set out the exception." The reason of the rule is this: the statute of limitations does not take away the right, but only goes to the remedy. In suing the claims of deceased persons, the statute does not take away the right to sue the executor or administrator, unless certain things are done. If statutes of limitation did take away the right, as appellant's counsel contend, then a general demurrer would be as effectual in the case of *Brown* v. *Martin* as in the case of *Ellison* v. *Halleck*, and we think the court would have so held. For if the right is destroyed the court has no jurisdiction, and that question should be con-

sidered at any stage of the proceedings, either in the original or appellate court. Statutes of limitation are interposed for the purpose of preventing litigation. It has been wisely determined there ought to be some time fixed in which parties ought not to be allowed to set up stale demands. They are denominated statutes of repose, and proceed upon the presumption that claims ought to be extinguished when they are not presented within a proper time. The language of Chief Justice Murray in the case of *Billings* v. *Hall*, 7 Cal. 4, answers this question fully. He says, " that statutes of limitations are designed to effect the remedy, and not the right or contract; that they do not enter into the contract as part of the law thereof; and that it would be inconsistent with sound morality and wise legislation to suppose that it was ever intended that when a party gave his obligation to pay a particular debt, he was presumed to have had in his mind a particular period of time beyond which, if he contracted his obligation, his liability would cease."

Appellant's counsel contend that it is a personal privilege with them to pay the judgment in the court below, or come into this court and have it reversed. The personal privilege with the defendant was to go into the court below and plead the statute of limitation. Having failed to do so, or make any appearance whatever, he comes to this court and asks to have a demurrer understood as being interposed to the sufficiency of the complaint on the ground that the complaint does not show that the cause of action is within the statute of limitations. If the court had no jurisdiction to render a judgment in any case barred by the statute of limitations, then appellant's counsel are right, and the case ought to be reversed. Suppose the defendant had gone into the court below, and had answered to the merits, and the issue had been tried, and judgment went against him, could he then have come to this court upon the same ground on which he now asks to have the judgment reversed? Most certainly he could, if appellant's counsel are right in this, that the statute of limitations takes away the right, because the court would then have no jurisdiction.

Again, suppose he had gone into the court below, and expressly waived the statute of limitations, could the court then try an issue or render a judgment upon any matter submitted outside of and beyond the statute of limitations? Certainly not, if the court had no jurisdiction; for then stipulation could not confer jurisdiction. In the case of *Stewart* v. *Sander*, 16 Cal. 372, the court refused to allow the answer to be amended so as to set up the statute of limitations, although it was apparent upon the face of the complaint that the statute had run. A motion to dismiss the action and a motion in arrest of judgment were both overruled, and the ruling in the court below was sustained unanimously by all the judges of the supreme court. (See also *Cooke* v. *Spear*, 2 Cal. 411.) In the case of *Robinson* v. *Smith et al.*, 14 Cal. 254, two defendants filed a joint plea of the statute of limitations, and the plea being held bad as to one defendant, the court on the trial permitted the other defendant to file a separate plea of the statute on appeal: held, this act was in the discretion of the court and no abuse of its power.

In *De Uprey* v. *De Uprey*, 24 Cal. 352; *Brown* v. *Martin*, 25 Id. 82; *Farwell* v. *Jackson*, 28 Cal. 105, it is decided that when the statute of limitations is raised by demurrer, the demurrer must state the objection. In the following cases it was decided that the statute of limitations must be raised in some form in the court below, either by answer or demurrer. (*McDonald* v. *Bear River Co.*, 13 Cal. 221; *Gratten* v. *Wiggins*, 23 Id. 16; *Brown* v. *Martin*, 25 Id. 82; *People* v. *Broadway Wharf Co.*, 31 Id. 33; *Vassault* v. *Oats*, 31 Ind. 225.) From these decisions and the decisions in New York and other states, and the authorities laid down in the text-books, we must hold that the statute of limitations is a personal privilege which goes to the remedy, and not the right. The defendant may plead it, or waive it. If he fails to plead it in any form, he thereby waives it, and he can not take advantage of his waiver in this court. If for any excusable neglect the defendant allowed judgment to be taken against him in the court below, his remedy was in that court under the sixty-eighth section of the practice

act. If he had offered to plead the statute of limitations and his offer had been refused, it might be a good ground to come to this court. But such questions must be first raised in the court below. It is true, in early days courts were adverse to pleading statutes of limitation, and they often held very rigidly, but the rule has been very much relaxed in modern courts, and we think with good effect. What we do hold is that the statute of limitations must be pleaded either by answer or demurrer, and that question must be presented to the court below. It is contended that the second count is barred by the statute of frauds, for the reason that the claim is upon a verbal contract made on the thirty-first day of March, 1865, sixteen months, or more than one year, prior to the thirtieth of July, 1866.

The performance of the contract, as shown by the complaint, commenced on the thirty-first day of March, 1865, and not when the parties looked over their accounts and struck a balance. It was a continuing contract from day to day, subject to be terminated by either, or both parties. Hence there are two very cogent reasons why this part of the judgment should not be reversed: 1. The contract is not within the statute of frauds. 2. The statute of frauds has never been pleaded. (*McLees* v. *Hale & Brown*, 10 Wend. 426; *Osburn* v. *Endicott*, 6 Cal. 153.)

Judgment of the court below affirmed.

Bowers, C. J., dissenting:

I dissent from a part of the conclusion of the court.