[No. 13987.   Department Two. — May 16, 1892.]

## C. B. WILLIAMS, RESPONDENT, v. E. F. DENNISON, APPELLANT.

STATUTE OF LIMITATIONS — FRAUD NOT PLEADED — EVIDENCE IN AVOID-
ANCE OF PLEA OF STATUTE. — In an action for money had and received,
where the complaint avers receipt of the money within two years, and
the answer denies all the material allegations of the complaint, and alleges
that the cause of action is barred by the statute of limitations, the plain-
tiff may prove and the jury may take into consideration any evidence of
concealment of facts, misrepresentations, deceit, or other facts constitut-
ing fraud on the part of the defendant which would take the case out of
the statute, though the complaint contains no averment as to those mat-
ters.

ID. — PLEADING — AVOIDANCE OF NEW MATTER IN ANSWER — ADMISSI-
BILITY OF EVIDENCE. — The statement of any new matter in an answer,
in avoidance or constituting a defense or counterclaim, is deemed upon
the trial to be controverted by the opposite party, and any proper evi-
dence is admissible to meet and overcome such defense.

ID. — NEW-TRIAL STATEMENT — SPECIFICATION NOT COVERING FRAUD. —
A specification " that the evidence shows that all amounts of money col-
lected by defendant, and all amounts of cash which had been paid him by
plaintiff, were more than two years before the commencement of the ac-
tion, and therefore barred by the statute of limitations," is not sufficient
to raise the question as to whether or not there was any evidence of fraud
on the part of the defendant, taking the case out of the statute.

ID. — EVIDENCE — SUMMARY OF BOOK-ACCOUNT — STATEMENT BY ATTOR-
NEY AS TO FOOTINGS. — Where one of the witnesses for the plaintiff had
produced a summarized statement of the account from the plaintiff's
books, a statement by the plaintiff's attorney as to the footings, in an-
swer to a question by one of the jurors, could not have been prejudicial.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*B. McKinnee*, for Appellant.

*J. C. Bates*, for Respondent.

BELCHER, C. — This is an action for money had and
received. The complaint was filed September 12, 1889,
and it alleged that the money sued for — $1,131.73
— was received by the defendant for the use and benefit
of the plaintiff on the twenty-eighth day of October, 1887,

at the city and county of San Francisco. The answer denied all the material averments of the complaint, and alleged that the cause of action was barred by the statute of limitations. The case was tried before a jury, and the verdict and judgment were in favor of the plaintiff for the sum of $581.67. From this judgment, and an order denying a new trial, the defendant appeals.

The principal point made for a reversal is, that all the items of plaintiff's demand, except seventy dollars, were received by defendant more than two years before the commencement of the action, and hence their recovery was barred by the statute.

It appears that in 1887 the plaintiff was a street contractor, and the defendant was employed by him to solicit contracts and to collect the moneys due thereon, and that he was to receive for his services a certain percentage of the contract prices. Under this arrangement, defendant proceeded to get contracts and to make collections until the latter part of September, 1887.

At the trial plaintiff offered in evidence several statements made by defendant of his collections, but attached to them were no dates showing when any of the collections were made. Plaintiff also introduced evidence tending to show that defendant collected and failed to account for more money, after deducting his commissions, than was found by the verdict to be due from him.

When the plaintiff rested, the defendant first introduced in evidence a bill of particulars furnished by the plaintiff, commencing as follows: " The following are the items of the account or indebtedness alleged in plaintiff's complaint in above-entitled action. All the amounts received by defendant were received by him at the city and county of San Francisco within two years prior to the commencement of said action." The items of cash received were then stated, but without dates, aggregating $1,131.73, after deducting the credits. Defendant also offered in evidence certain pages of his ledger and block-book, "showing the several amounts collected by him under these several contracts, the dates of each payment,

and the names of the persons from whom he collected."
He was then sworn as a witness in his own behalf, and
testified, among other things, that he did not receive all
the items of cash charged against him in the bill of par-
ticulars, and that "all the amounts collected by me (ex-
cept the seventy dollars collected from Rose Auerbach)
were collected more than two years before the commence-
ment of this action; all the cash advanced by plaintiff
to me was advanced more than two years before the com-
mencement of this action."

When the case was submitted, the court gave to the
jury all the instructions asked by defendant, and among
them the following: " All amounts collected by de-
fendant more than two years prior to September 12,
1889, the commencement of this action, which were
known by plaintiff to have been collected by defendant,
or which he had the opportunity of ascertaining, and
were not ascertained by him, or unless the collection of
said amounts were fraudulently concealed by the defend-
ant, are barred by the statute of limitations; should you
find that some of said accounts were collected within
less than two years prior to twelfth day of September,
1889, then your verdict should be only for the amounts
so collected.  Facts constituting fraud must be proved.
If the jury believe from the evidence that defendant was
the agent of plaintiff in the collection of any moneys
claimed in the complaint, and plaintiff has failed to
prove that defendant made any concealment of facts, or
misrepresentations, or deceit, or other facts constituting a
fraud as to said collections, and for all sums that plaintiff
has failed to prove were collected within two years before
said twelfth day of September, 1889, then said sums are
barred by the statute of limitations."

And when the jury retired, " the books, contents, and
exhibits of respective parties were, by consent of respect-
ive parties, submitted to the jury and taken by them
into the jury-room."

It is now suggested that the jury had no right to con-
sider any question of fraud, concealment, or deceit on

the part of defendant, for the reason that the complaint contained no averments as to those matters. But no such averments were necessary. Under our statute, "the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must on the trial be deemed controverted by the opposite party" (Code Civ. Proc., sec. 462), and any proper evidence is admissible to meet and overcome that defense. (*Curtiss* v. *Sprague,* 49 Cal. 301; *Colton etc. Co.* v. *Raynor,* 57 Cal. 588.)

It is further suggested that there was no evidence of any fraud on the part of the defendant, and hence that the verdict was not justified. The only specification as to the sufficiency of the evidence in this regard is as follows: "The evidence shows that all amounts of moneys collected by defendant, and all amounts of cash which had been paid him by plaintiff, were more than two years before the commencement of this action, and therefore barred by the statute of limitations, except the seventy dollars paid by Rose Auerbach."

This specification is clearly not sufficient to raise the question suggested, and it therefore cannot be considered here.

It follows that the judgment cannot be reversed on the ground that the verdict was not justified by the evidence.

The only other point made by appellant is, that the court erred in the admission of certain evidence. It appears that one F. W. Williams was a witness for plaintiff, and produced a synopsis or summarized statement of the account from plaintiff's books. That synopsis is not brought up in the record, and the only matter referred to as erroneously admitted was a statement made as to the footings by plaintiff's attorney in answer to a question by one of the jurors. In this we see no reversible error.

We advise the judgment and order be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.