(November 22, 1898.)

## ALSPAUGH v. REID.

### [55 Pac. 300.]

AVERMENTS OF ANSWER—NEW MATTER—DEEMED DENIED.—Under the provisions of section 4217, Revised Statutes, when new matter is pleaded in the answer in avoidance or as constituting a defense or counterclaim, such new matter is deemed denied or controverted by the plaintiff.

STATUTE OF LIMITATIONS.—When the statute of limitations of a foreign state is set up as a defense it is error for the court on motion, without a trial, to render a judgment of dismissal for the reason that the plaintiff under the provisions of said section 4217, Revised Statutes, is deemed to have controverted the new matter thus set up as a defense and the defendant is put on his proof. The plaintiff may deny the existence of such statute of limitations as pleaded or may confess and avoid it in any manner the law permits.

JUDGMENT ON PLEADINGS.—Judgment on the pleadings cannot be entered so long as there remains material issues of fact raised by the pleadings undetermined.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James E. Babb, for Appellant.

All new matter in an answer is deemed controverted, and plaintiff can, on the trial, introduce evidence, either in denial or confession and avoidance of the new matter. Hence, a judgment cannot be rendered based on facts alleged in the answer without a trial. (Rev. Stats., sec. 4217; *Curtis v. Sprague,* 49 Cal. 301; *Colton L. & W. Co. v. Raynor,* 57 Cal. 588; *Will-*

*iams v. Dennison,* 94 Cal. 540, 29 Pac. 946; *Rankin v. Sisters of Mercy,* 82 Cal. 88, 22 Pac. 1134-1136.) Plaintiff would have the right, either to deny the existence of the statutes of North Carolina, set forth in the answer, or to confess them and avoid them by proof of the act of North Carolina. (1 Code N. C. 1883, p. 61, sec. 162; *McCann v. Randall,* 147 Mass. 81, 9 Am. St. Rep. 666, 17 N. E. 75; *Armfield v. Moore,* 97 N. C. 34, 2 S. E. 347.) The court will not take judicial notice of statutes of other states, under which an action might be barred by section 4079 of the Revised Statutes of Idaho. (*Richardson v. Mackay,* 4 Okla. 328, 46 Pac. 546; *Allen v. Allen,* 95 Cal. 184, 30 Pac. 214; Rorer on Interstate Law, 238; *Gillett v. Hall,* 32 Iowa, 220.) Even if the facts alleged in the answer were admitted instead of controverted, and even without the statute of North Carolina. (*Luce v. Clarke,* 49 Minn. 356, 51 N. W. 1162; *Wooley v. Yarnell,* 142 Ill. 442, 32 N. E. 891; *Hyman v. McVeigh* (Ill.—unreported); *Gt. W. Tel. Co. v. D. P. Stubbs,* 55 Ill. App. 210.)

Charles L. Heitman, for Respondent.

The complaint upon its face shows the date of the notes and mortgage, and the answer, setting up the North Carolina statute of limitations, shows that it is barred in that state. (*Warmouth v. Hatch,* 33 Cal. 121.) Section 4079 is as much a part of the statute of limitations of the state of Idaho as section 4051. And it is well settled that the statute of limitations of the forum governs. (13 Am. & Eng. Ency. of Law, c. "Limitation of Actions.") "Statute of limitations are, indeed, statutes of repose." (*United States v. Wiley,* 11 Wall. 508.)

SULLIVAN, C. J.—This action was brought to recover on four promissory notes. A demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was interposed, and overruled by the court. Thereupon an answer was filed admitting the execution of the promissory notes sued on, and averring that said notes had been fully paid long prior to the commencement of this action. And also the answer avers that this action was barred by the provisions of section 4079 of the Revised Statutes of Idaho, and sets forth

certain sections of the statute of North Carolina under which it was claimed this action was barred by virtue of the provisions of said section 4079 of the Revised Statutes of Idaho. After answering as above set forth, the defendant moved for judgment on the pleadings. The court sustained the motion, and entered judgment of dismissal, from which judgment this appeal was taken.

It appears from the record that the trial court in passing on defendant's demurrer to the complaint held that the complaint stated a cause of action. Thereafter the defendant answered as above set forth, and then moved for judgment on the pleadings. Said motion was "based on the ground that the complaint set out four causes of action on four several promissory notes, the last of which was due on September 1, 1895, and said notes were made in Winston, North Carolina, and payable to the plaintiff at the First National Bank of Winston, North Carolina; and the answer sets out the statute of limitations of North Carolina, and pleads the same as a bar to their recovery, wherein it is shown that the said four causes of action are barred by the statute of limitations." The foregoing quotation is from said motion. The complaint avers that said promissory notes were made and delivered at Lewiston, Idaho. The answer denies that allegation, and avers that said promissory notes were made and delivered at Winston, N. C. The complaint, on its face, does not show that said causes of action were barred by the statute of limitations. Pleading the statute of limitations of North Carolina by way of answer is deemed controverted or denied under the provisions of section 4217, of the Revised Statutes. Said section *inter alia,* provides that the statement of any new matter in the answer in avoidance, or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party. Hence, a judgment cannot be rendered, based on new matter averred in the answer, without a trial, as all new matter thus pleaded is deemed denied by the opposite party, and the party averring such new matter is put on his proof. (*Curtiss v. Sprague,* 49 Cal. 301; *Water Co. v. Raynor,* 57 Cal. 588; *Williams v. Dennison,* 94 Cal. 540, 29 Pac. 946; *Rankin v. Sisters of Mercy,* 82 Cal. 88, 22 Pac.

1134.)   Under the issues as made by the pleadings in the trial of the action, the plaintiff would have the right to show the nonexistence of the statute of limitations of North Carolina as set out in the answer, or to confess it, and avoid it in any manner that the law might permit.   For instance, it might be shown, if possible to do so, that by the laws of North Carolina, when a cause of action arises against one absent from that state, the statute of limitations does not commence to run until such person has returned to the state, and that such facts applied to the defendant in this case.   There were issues of fact raised by the pleadings which required evidence to establish before the court could intelligently determine whether such issues were with the plaintiff or defendant.   Therefore the court erred in granting judgment of dismissal without hearing the evidence upon such issues and thereafter deciding them.   The statute of limitations was pleaded as a defense, and the scope and very existence of such statute was put in issue.   That defense being new matter under the provisions of said section 4217 of the Revised Statutes, was deemed controverted by the plaintiff. Judgment on the pleadings cannot be granted as long as there are material issues undetermined.

Counsel for appellant asks us to determine whether this cause of action arose in North Carolina.   From the record we are unable to determine that question of law.   The cause of action arose *eo instanti* when default in payment occurred, according to the terms of the promissory notes.   As a time and place were specified for payment, the presumption would be that the cause of action arose then and there, in case payment was not made. If the defendant was absent from the state at that time, under statutes of limitations generally the bar of the statute would not commence to run until the opportunity to bring the suit occurred.   As to what the statute of limitations of North Calolina is so far as the question under consideration is concerned is a matter of allegation and proof.   Counsel for appellant cites *Luce v. Clark,* 49 Minn. 356, 51 N. W. 1162.   In that case the court asks the question: "When is a cause of action deemed to have arisen in a particular state, territory or country within the meaning of this statute?" referring to the statute of limitations,

and answers the question as follows: "All statutes of limitations in prescribing the periods have reference for the beginning of such periods to the time when the opportunity to commence the action arises." The judgment of the court below is reversed, and the cause remanded for further proceedings. Costs of this appeal are awarded to the appellant.

Huston and Quarles, JJ., concur.

### ON REHEARING.

### (December 17, 1898.)

Per CURIAM.—The court does not decide in what state this cause of action arose, and we did not deem it necessary for us to decide that question. If the cause of action arose in the state of North Carolina, and the defendant was not in that state at that time, the statute of limitations would not begin to run as to him until he returned to that state. In case he did not return, the holder of the notes might sue him in Idaho, if he was found there. So far as the statute of limitations is concerned, if that of North Carolina is the same as that of Idaho, the running of said statute would not begin until the date that an opportunity to commence the suit had occurred. A cause of action would arise if payment was not made as stipulated. A person may have a cause of action, and not be able to bring his suit because of the absence of the defendant from the state. In that case the statute of limitations would not begin to run until an opportunity to get service of summons had occurred. In *Luce v. Clarke,* 49 Minn. 356, 51 N. W. 1162, the court there is considering when a cause of action arises with reference to the statute of limitations, and holds that it does not arise until the time when the opportunity to commence the action arises; and we think the rule there laid down correct. The cause of action might have arisen long prior to such time, as one may have a cause of action long before he can bring his suit, because of the absence from the state of the defendant. Petition for rehearing denied.