(May 4, 1904.)

## CHEMUNG MINING COMPANY v. HANLEY.
[77 Pac. 226.]

AMENDMENT OF PLEADINGS—STATUTE OF LIMITATIONS—JUDGMENT ON PLEADINGS.

1. Where the plaintiff's attention is directed by demurrer or answer to the uncertainty, insufficiency or want of certain facts in his complaint, and he reposes and slumbers on his rights for a considerable period of time (in this case two years), without applying to the court or asking leave to amend in those respects, it is

not error for the court to refuse an application to amend at so late a date.

2. The plea of the statute of limitations may be taken either by demurrer or answer—by demurrer if it clearly appears upon the face of the complaint that the cause of action did not accrue within the statutory time, otherwise by answer.

3. In this state the bar of the statute must be specially pleaded and cannot be raised by general demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

4. An allegation that a transaction occurred "on or about the first day of August, 1897," and where charging a material and essential fact, is open to demurrer on ground of uncertainty, but. if not taken advantage of by demurrer will be deemed waived and proofs will be admissible to establish the real fact thus defectively pleaded.

5. Where a cause of action is stated and the answer pleads the bar of the statute of limitations, it is error to enter judgment in favor of defendant on the pleadings, even though it should appear to be barred, as shown on the face of the complaint.

(Syllabus by the court.)

APPEAL from District Court of Shoshone County. Honorable R. T. Morgan, Judge.

Action to establish and enforce a trust. From a judgment on the pleadings in favor of defendant, plaintiff appeals. Reversed.

W. B. Heyburn, John P. Gray and Albert Allen, for Appellant.

The court should have permitted the filing of the amended complaint. (Rev. Stats., secs. 4229, 4231.) Upon the application to amend, the objections thereto and the affidavits in support of the application and in support of the objections, and upon the original and proposed amended complaints and the answer, the court will determine the question as to whether the right to amend existed. Two questions of law are presented and many questions of fact. The two questions of law are: 1. Is the cause of action stated in the proposed amended complaint the same cause of action as that stated in the original complaint? And 2. Was the cause of action stated in the original complaint

barred by the statute of limitations, and if so, the question of
the statute of limitations having been raised by answer, can
that question be determined otherwise than upon a trial upon
the merits? No new cause of action is stated in the amended
complaint. Where the theory upon which it is founded is the
same as the theory upon which the original complaint was
based, the cause of action is the same, even though the form
is different and the cause of action is more specifically and
particularly set forth. (*Smith v. Palmer,* 6 Cush. 513.) The
cause of action is not changed when an amended pleading sets
out, or is founded upon the same transaction as that upon which
the suit was originally brought. (*Taylor v. Town of Monroe,*
43 Conn. 46; 1 Ency. of Pl. & Pr., p. 564; *City of Detroit v.
Hosmer,* 125 Mich. 634, 85 N. W. 1.) The amended complaint
is identical with the original complaint. The only real differ-
ence in the two complaints is that in the amended complaint
the time of the making of the contract between Hanley and
Morphy, and the time of the making and recording of the deed
to Hanley is more specifically stated. (*Hardee v. Lovett,* 83
Ga. 203, 9 S. E. 680; *Smith v. Taggart,* 21 Ill. App. 538;
*Jacobs v. Gilreath,* 41 S. C. 143, 19 S. E. 308-310.) Where
the statute of limitations is raised by answer, under the pro-
visions of section 4217 of the Revised Statutes of Idaho, it is
deemed to be traversed or confessed and avoided, and the plain-
tiff may introduce any evidence showing that the claim or cause
of action is not barred by the statute of limitations. (*Als-
paugh v. Reid,* 6 Idaho, 223, 55 Pac. 300.) In the recent case
of *Kilham v. Western Bank and Safe Deposit Co.,* 30 Colo. 365,
70 Pac. 409, the supreme court of Colorado, passing upon an
application to amend in a suit brought for the purpose of en-
forcing a trust, held that the amendment was not objectionable
as stating a new cause of action where the theory on which the
plaintiff sought to recover in both was that the property was
held in trust by the father for the benefit of the son. (*Logan
v. Clough,* 2 Colo. 323.) The authorities are uniform in hold-
ing that the fact that an amendment will remove the apparent
bar of the statute of limitations is no objection to allowing it.
(*Tucker v. Virginia City,* 4 Nev. 20; *Deane v. O'Brien,* 13

Abb. Pr. 11; *Hardee v. Lovett,* 83 Ga. 203, 9 S. E. 680; *Smith v. Taggart,* 21 Ill. App. 538; *Rand v. Weber,* 64 Me. 191; *Davis v. Saunders,* 7 Mass. 62; *Sanger v. City of Newton,* 134 Mass. 308; *Goddard v. Williamson's Admr.,* 72 Mo. 131; *Tobias v. Harland,* 1 Wend. 93; *Jacobs v. Galreath,* 41 S. C. 143, 19 S. E. 308, 310; *Shieffelin v. Whipple,* 10 Wis. 81.) Under the system of practice prevailing in Idaho, the objection that the cause of action is barred by the statute of limitations can only be taken by answer ofᴛ demurrer, if indeed it can be taken by demurrer. (*Kelley v. Kriess,* 68 Cal. 210, 9 Pac. 129; *Cratten v. Wiggins,* 23 Cal. 16; *Kraft v. Greathouse,* 1 Idaho, 254; *Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44; *Lewis v. Washington etc. Ry. Co.,* 6 Mackey, 556; *Rowland v. Murphy,* 66 Tex. 534, 1 S. W. 658; Story's Equity Pleading, 10th ed., sec. 885.) Where any of the material allegations in the complaint are denied by the answer, it is error for the court to render judgment on the pleadings. (*Johnson v. Manning,* 3 Idaho, 352, 29 Pac. 101; *Miles v. McClelland,* 1 Ariz. 491, 3 Pac. 610.) In suits for the enforcement of a trust, the statute of limitations does not begin to run until the trust is denied and the denial is brought home to the *cestui que trust.* (*White v. Sheldon,* 4 Nev. 280; *Nasholds v. McDonell,* 6 Idaho, 377, 55 Pac. 894; *Hunt v. Patchin,* 35 Fed. 816, 13 Saw. 304; *Royston v. Miller,* 76 Fed. 57.) The four year statute is the statute which governs this class of cases. (*Pillar v. Southern Pac. Co.,* 52 Cal. 42.) An agent cannot assume any position where his interest will be adverse to his employer. (1 Parsons on Contracts, 86, 87; *Dutton v. Willmer,* 52 N. Y. 312; 2 Caines Cas. 183; 1 Caines Cas. 1; *Davoue v. Fanning,* 2 Johns. Ch. 252; *Conkey v. Bond,* 36 N. Y. 427; *Moore v. Moore,* 5 N. Y. 261.) If the agent who is employed to purchase for another purchases in his own name, or on his own account, he will be held to be a trustee of the principal at the option of the latter. (Smith's Manual of Equity, 2d ed., 333; Perry on Trusts, sec. 206; *Jenkins v. Frink et al.,* 30 Cal. 586, 89 Am. Dec. 134; *O'Connor v. Ervine,* 74 Cal. 435, 16 Pac. 236; *Barroilhet v. Anspacher et al.* (Cal.), 3 Pac. 804; *European etc. Co. v. Poure,* 59 Me. 277; *Kohler v. Black River etc. Co.,* 67 U. S. 715, 17 L. ed. 339.)

John R. McBride and M. A. Folsom, for Respondent.

The complaint was filed December 3, 1901—four years and four months after the repudiation of the alleged trust. It has been repeatedly held by the supreme court of California, under the statute which has been copied in this state, that the four years' statute applies to cases of trust whether express or implied. The statute of Idaho is identical with the statute of California, and this court has held that the four years' statute applies in this state. In *Bannock County v. Bell,* 8 Idaho, 1, 101 Am. St. Rep. 140, 65 Pac. 710, this court said that section 343 of the Code of Civil Procedure of California was the same as section 4060 of the Revised Statutes of this state, and this court adopted as authority a note contained in the codes of California to the effect that implied trusts are within the statute of limitations, and the statute begins to run from the time the wrong is committed. This court said that under section 4060 of our statute the cause of action stated in *Bannock County v. Bell* was barred within four years after the cause of action accrued. (*Gwinn v. Melvin, ante,* p. 202, 72 Pac. 961.) The supreme court of California, under a statute identical with ours with reference to how the statute of limitations should be raised, has repeatedly held that the statute of limitations may be set up by demurrer where it appears upon the face of the complaint that the cause of action is barred. (*Palmtag v. Roadhouse* (Cal.), 34 Pac. 111; *Smith v. Irving* (Cal.), 22 Pac. 170; 13 Ency. of Pl. & Pr., p. 202.) The fact that Hanley answered after his demurrer was overruled does not amount to a waiver of the error committed against him. (*Miller v. Hunt,* 6 Idaho, 523, 57 Pac. 315; *Corcoran v. Sonora Min. Co.,* 8 Idaho, 651, 71 Pac. 127.) The complaint failed to allege a cause of action upon the implied trust because the complaint contained no averment of payment by the company of a portion of the purchase money, or that such payment formed part of the consideration of the purchase. (*Roberts v. Ware,* 40 Cal. 634.) We think the cause of action stated by the amended complaint was entirely different from the one stated in the original complaint, and this ground alone, if there were

no other, was sufficient to justify the court in refusing to allow the amendment.    (*Hallet v. Lorcom,* 5 Idaho, 492, 51 Pac. 108.)    The brief of counsel for appellant contains the statement that by filing his answer the defendant waived his demurrer.    This is not the law in the state of Idaho.    (*Corcoran v. Sonora Min. Co.,* 8 Idaho, 651, 71 Pac. 127; *Miller v. Hunt,* 6 Idaho, 523, 57 Pac. 315.)

AILSHIE, J.—This was a suit in equity commenced by the Chemung Mining Company, a corporation, against Kennedy J. Hanley, charging him with having acquired an undivided one-eighth interest in the Skookum mine, as the agent of and in trust for the plaintiff, and seeking to have the trust established by proper judgment and decree.    The complaint was filed on December 3, 1901, and summons was thereupon issued and served.    On December 17, 1901, the defendant appeared and filed a demurrer charging that the facts pleaded were not sufficient to constitute a cause of action and also setting up the plea of the statute of limitations.    This demurrer was overruled and the defendant was granted time in which to answer, and thereafter and on April 30, 1902, filed his answer denying the material allegations of the complaint and again setting up the plea that the cause of action was barred by the provisions of subdivision 4 of sections 4053, 4054 and 4060 of the Revised Statutes.    The action slumbered until November 30, 1903, without any further proceedings whatever being taken therein by either plaintiff or defendant.    On the latter date defendant moved for judgment on the pleadings and plaintiff moved for leave to file an amended complaint which it presented along with its motion.    The trial court denied the application to file an amended complaint and granted the motion for judgment on the pleadings, and thereupon judgment of dismissal and for costs was entered in favor of the defendant and against the plaintiff.

Plaintiff appealed from the judgment and assigns three errors, as follows: "1. The court erred in refusing leave for the plaintiff to file its amended complaint; 2. The court erred in granting defendant's motion for judgment on the pleadings;

3. The court erred in entering judgment against the plaintiff and in favor of defendant."

The defendant contended that the complaint upon its face showed the cause of action barred by the statute of limitations, and accordingly raised that objection upon demurrer. The only substantial change in the amended complaint is that which tends to avoid the bar of the statute and relieve plaintiff from the provisions thereof. That portion of the original complaint and over which the controversy arose alleges: "That the said Hanley, pursuant to the said agreement to acquire and purchase said interest in said Skookum mining claim for the complainant, did enter into a contract for the purchase of said interest of the said W. N. Morphy, and on or about the first day of August, 1897, said Hanley, pursuant to said contract with the complainant, for and on behalf of the said complainant, did purchase the one-eighth interest in the Skookum mining claim of the said W. N. Morphy for the sum of seven hundred ($700) dollars. But in violation of the understanding and agreement so had and existing between the said Hanley and complainant, as aforesaid, said Hanley procured the deed for the one-eighth interest in the said Skookum lode mining claim to be made from the said W. N. Morphy to himself, as grantee. And the said Hanley now, and ever since procuring said deed, fraudulently and wrongfully refuses to convey to the said complainant the said one-eighth interest in the Skookum claim as under and by virtue of the terms of the agreement so existing between the complainant and the said Hanley, as aforesaid, should of right he do."

By the amended complaint it was alleged that the defendant entered into a contract with Morphy for the purchase of the one-eighth interest in the Skookum claim on or about August 1, 1897, but that the purchase was not consummated until October 22, 1897, at which time a deed of conveyance was executed and delivered to Hanley, and that it was recorded in the office of the recorder of Shoshone county on the third day of December, 1897, and that the defendant acknowledged to plaintiff's board of trustees that he held such interest in trust for plaintiff and continued to admit and acknowledge the same until April, 1898,

when he began to assert that he held such interest in his own right and disclaimed holding it as agent or in trust for the plaintiff.

The appellant argues that under the provisions of sections 4229 and 4231 of the Revised Statutes, the amendment should have been allowed, and that the trial judge abused his discretion in refusing to allow the proposed amended complaint. This court has always held that the trial court should be liberal in allowing amendments in furtherance of justice, but we have never held that a trial judge had abused the discretion vested in him under section 4229, where it clearly appeared from the record that the party seeking the amendment had reposed and slumbered upon his rights for a period of two years after having had the matter specifically called to his attention by his adversary for such period of time. Section 4229 was enacted for the protection of the diligent and those who have acted in good faith, and not for those guilty of inexcusable laches or who have neglected to preserve their rights when they have had abundant opportunity accorded them for that purpose.

The plaintiff had notice two years before applying to the court for leave to amend that the defendant would avail himself of the plea that the cause of action was barred by the statute, and if it had then asked leave to amend—or even when the answer was filed setting up the same plea—the court would undoubtedly have granted the application and permitted the amendment. These were facts necessarily within the knowledge of plaintiff, and no reason or excuse whatever appears why, if facts existed which would take the case out of the operation of the statute of limitations, the plaintiff should not have pleaded them at once upon its attention being called to them rather than lull the case to so long a rest. If facts were pleaded which the plaintiff could not have reasonably known, or that had to be learned from outside sources or had been kept from the knowledge of plaintiff, or other good reason had been shown for not pleading them sooner, a much different case would be presented. The court did not abuse its discretion in refusing to allow the amendment at so late a date.

We now come to a consideration of the action of the court in granting judgment upon the pleadings. The determination of this ruling involves several collateral questions. It is generally conceded that the plea that an action is barred by the statute of limitations may be taken either upon demurrer or by answer—by demurrer if it clearly appears upon the face of the complaint that the action did not accrue within the statutory time; otherwise by answer. (*Kraft v. Greathouse,* 1 Idaho, 254; *Smith v. Richmond,* 19 Cal. 481; *Harmon v. Page,* 62 Cal. 404; *Wise v. Williams,* 72 Cal. 548, 14 Pac. 204; *Wise v. Hogan,* 77 Cal. 189, 19 Pac. 278; *Pleasant v. Samuels,* 114 Cal. 38, 45 Pac. 998.)

In this state it must be specially pleaded, and cannot be raised by demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. (Rev. Stats., sec. 4213; *Kelley v. Leachman,* 3 Idaho, 629, 33 Pac. 44.)

In fact, a complaint may state a good cause of action and be sufficient to support a judgment, although it shows conclusively upon its face that the cause of action is barred by the statute of limitations. The fact that the cause of action is barred does not deprive it of any of the elements which would otherwise constitute a good cause of action, but merely leaves it open to the exercise of the personal privilege given the defendant by law to plead its limitation which merely cuts off the remedy. Facts which constitute a cause of action do not cease to be facts simply because of the application of the statute of limitations. When the plaintiff states his cause of action in such a manner that it appears upon the face of his pleading that the action is barred, he takes his chances of being met with a demurrer setting up the bar of the statute. In that event he must rest upon his pleading or amend. On the other hand, if the plea is raised in the answer, then an issue of fact arises and he is entitled to go upon his proofs. In this case the defendant pleaded the statute of limitations by demurrer and was overruled. Upon what grounds it was overruled we are not informed, but the case is not here upon defendant's appeal but rather upon plaintiff's appeal. It will

be observed from the original complaint that the plaintiff has not alleged a definite and certain date upon which defendant Hanley came into the trust which is sought to be established, nor is it alleged definitely and certain as to the date upon which he repudiated the trust and refused to carry out the same and asserted ownership in his own right. The allegation is that it was "on or about the first day of August, 1897." This allegation is uncertain and where alleging a fact which may become material and essential to the right of recovery as in this case, it was open to a demurrer on the ground of uncertainty. No such objection, however, was taken to this pleading, and in the absence of such an objection it would be sufficient to let in proofs to establish the real facts thus uncertainly and indefinitely pleaded (*San Joaquin Lumber Co. v. Welton,* 115 Cal. 1, 46 Pac. 735, 1057; *Cohn v. Wright,* 89 Cal. 86, 26 Pac. 643), and we think if those facts were even as remote from the date alleged "on or about" as to remove the bar of the statute of limitations, it would not be such a variance as would be fatal.

Again, when the defendant pleads in his answer that plaintiff's cause of action is barred, the statute (Rev. Stats., sec. 4217) immediately interposes and gives the plaintiff specific denials to each and every such allegation. (*Alspaugh v. Reid,* 6 Idaho, 223, 35 Pac. 300.) The facts constituting that bar must be proven the same as any other facts in the case. In rebuttal thereto the plaintiff would be entitled to introduce any evidence he might have which would tend to bring him within any of the exceptions of the statute and thereby remove or avoid the bar of limitations. This issue when raised by answer must be established by the defendant and does not devolve upon the plaintiff. It is not, properly speaking, a defense to the case and is not so considered. It is a plea which the defendant may make, and when established by proofs is sufficient to defeat the plaintiff's right to recovery although a good cause of action has been fully established and but for such plea plaintiff would be entitled to his judgment. When the defendant moved for judgment upon the pleadings the court was not at liberty to consider his plea of the statute of

limitations. For the purpose of such motion neither the court nor the plaintiff could take notice, or be required to take notice, of the fact that defendant would rely upon the bar of the statute of limitations to defeat plaintiff's right of recovery. In *Walling v. Bown, ante,* p. 184, 72 Pac. 960, in passing upon the right of a plaintiff or defendant to a judgment upon the pleadings, this court said: "When a party moves for judgment on the pleadings, he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary." This rule would also extend to all such denials as the statute gives a plaintiff to any matter of defense set up by the defendant.

With the issues thus made the court was not authorized to enter judgment for the defendant on the pleadings. The case stood upon complaint and answer and every material fact pleaded in the case was at issue, and the proofs in support of those issues should have been heard.

The judgment of dismissal is reversed and vacated and the cause remanded for further proceedings in harmony with this opinion. Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.