## OSGOOD *v.* ARTT.

*(District Court, N. D. Illinois. January 17, 1882.)*

1. STATUTES OF LIMITATION.

Where the laws of a state provide that " when a cause of action has arisen in a state or territory out of this state, or in a foreign country, and by the laws thereof an action cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state," the removal of a debtor into this state, after a residence in another state sufficiently long to avail himself of the bar of the statute of that state, will not revive the cause of action in this state.

*Grant & Swift,* for plaintiff.
*Edsall & Hawley,* for defendant.

BLODGETT, D. J. This is a suit upon a promissory note made by defendant, dated May 14, 1856, by which he agreed to pay the Racine & Mississippi Railroad Company, or order, $2,500, with interest at the rate of 10 per cent. per annum, at the office of the company in the city of Racine, Wisconsin, in five years from date.

The fourth, seventh, and ninth pleas allege, in substance, under different forms of statement, that at the time of making the note, and until long after its maturity, defendant was a resident of the state of Illinois; that on the ninth of January, 1870, he removed from the state of Illinois to the state of Missouri, from which time he has continually resided in the latter state, and been at all times liable to a suit on said note in the courts of said state; that by the laws of the state of Missouri the plaintiff's right of action on this note is barred in 10 years from the time the cause of action accrued thereon; and that at the time the suit was commenced defendant had been for more than 10 years a resident in Missouri and liable to suit on said notes in such state; wherefore he insists that plaintiff's right of action is barred. The demurrers filed to the seventh and ninth pleas, and to the replications to the fourth plea, raise the single question whether the facts set up in these pleas are a good bar to this action under the limitation laws of this state.

Section 20 of chapter 83, Rev. St. Ill., tit. "Limitations," reads as follows:

"When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and by the laws thereof an action cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state."

This section was first introduced into the limitation laws of this state in the act of April 4, 1872. Before that time the legislature had somewhat approached the principle embodied in this section by enacting in the act of April 13, 1849, that all actions founded on any promissory note executed, entered into, or accrued beyond the limits of this state, should be commenced within five years next after such cause of action should have accrued. And by the act of February 19, 1859, the words "cause of action accrued" were defined to mean the time when an action might have been commenced, "whether in this state or elsewhere." But, saving this exceptional legislation, the rule laid down in *Chenot* v. *Lefevre*, 3 Gil. 637, that the bar of the statute can arise only by a continuous residence within this state from the time the right of action accrued until the bar of the statute is complete, had been the settled law of this state up to the act of April 4, 1872; but by the section now under consideration the legislature evidently intended that when a debt had become barred by the operation of the laws of another state or country, the debtor, if sued in this state, could successfully plead such bar.

The plaintiff, however, insists that this case does not come within the scope of the twentieth section because the cause of action accrued upon the note in this state; that the defendant resided in this state when the note fell due, and the statute of this state had commenced to run; that the bar had not become complete when defendant removed to Missouri, and therefore the case comes within the operation of the last clause of the eighteenth section of chapter 83, which provides that "if after a cause of action accrues the debtor departs from and resides out of this state, the time of his absence is no part of the time limited for the commencement of the action." And plaintiff argues that as the defendant was once within the jurisdiction of this state, and the statute of this state began to run here, the defendant cannot by a removal to another state, where the time for barring the action is shorter than here, avail himself of the statute of such state as a defence here.

But it seems to me the two sections referred to must now be read

together, and the last clause of the eighteenth section, which is as old as the Revised Statutes of 1827, must, by the operation of the twentieth section, be held to mean that the time a defendant is absent from this state after the cause of action accrues, is no part of the time limited for the commencement of the action, unless the defendant resides in another state or country long enough to bar the action by the laws of such state or country.

In *Hyman* v. *McVeigh*, 10 Leg. News, 157, the supreme court of this state held that the words "when a cause of action has arisen," as used in this twentieth section, "should be construed as meaning when jurisdiction exists in the courts of a state to adjudicate between the parties upon the particular cause of action, if invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the state upon the particular cause of action, without regard to the place where the cause of action had its origin."

The pleas show that defendant removed into and became a resident of the state of Missouri after the note was due. The plaintiff had the right to sue at once in the courts of that state, and the cause of action, in the light of the authority just cited, arose in the state of Missouri as soon as defendant was subject to suit there. The statutes of that state bar an action on a contract like this in 10 years from the time the cause of action accrued in that state. Wagner, St. of Mo. *c*. 89, art. 2, § 9.

If, therefore, the plaintiff allowed his debtor to remain in Missouri without suit until the bar under the laws of that state became complete, then it seems to me that if the defendant returns into this state, either temporarily or to reside permanently, he comes back clothed under the provisions of section 20 of our statute with the protection he has obtained under the laws of Missouri. The plaintiffs were not residents of this state at the time defendant left and went to Missouri, and cannot be said to have been awaiting here the return of their debtor; and, for aught that appears, they could have brought suit in Missouri at any time while defendant was residing there.

In view of the increased facilities which have been developed within the last few years for communication between the states, and for bringing suits by non-residents, I think the legislature of this state meant to say that a creditor who allowed a debtor to reside in any state or country until his debt was barred by the laws of that state, should not have his right of action revived by the debtor removing into this state, even though he may have been once a resident of this

state and subject to suit here.   I can see no reason of public policy or principle which shall withhold the protection of this statute to this defendant, and yet should give it to a debtcr, who has contracted a debt in Missouri and remained there till an action is barred by lapse of time, and then removes or comes temporarily into this state. In the latter case, it was conceded on the argument, the statute is applicable, and I cannot conceive why it is not just as applicable when the debtor has removed from this state and remained in another until the laws of that state bar the action for lapse of time.   The evident intention of the legislature of this state was to say that the removal of debtors into this state should not revive causes of action which had become barred by the laws of other states where they had resided and been subject to suit; that the debtor brought with him the defence he had obtained by his residence elsewhere; and if a debtor leaves this state and takes up his residence elsewhere, and remains there unmolested by suit until suit is barred, it is also barred here.

I much regret that this question has not been passed upon by the supreme court of this state; but, in the absence of any decision by our state courts on the question, I must go by such light as has been indirectly given by the case I have referred to, and what seems to me to have been the evident intention of the legislature.

The demurrer is overruled as to the pleas, and sustained as to the replications.