James Doughty, *as Receiver of the Union Trust Company, of Sioux City Iowa.* v. Jacob P. Funk.

(Filed September 6, 1905.)

STATUTE OF LIMITATIONS. Under the provisions of sec. 3894 Statutes of Oklahoma, 1893, which provides: "Where the cause of action has arisen in another state or country, between non-residents of this Territory, and, by the laws of the state or country where the cause of action arose, an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this Territory." a cause of action upon a contract made in the state of Kansas, which has been barred by the statutes of Nebraska, while the defendant resided there, is not barred in this Territory, when the same is not barred by the laws of the state of Kansas or this Territory.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Noffsinger & Hinch,* for plaintiff in error.

*M. J. Kane and Charles West,* for defendants in error.

Opinion of the court by

Gillette, J.: The only question presented for determination in this case is dependent for its determination upon the construction to be given to the limitation laws of this Territory.

The action is brought to recover upon a promissory note dated at Peabody, Kansas, June 1, 1886, payable to Shupe, Tresler & Larke at Philadelphia, Pa., five years after date. Before the maturity of the note the defendant, maker

of the note, removed from Kansas to the state of Nebraska, where he resided when the note matured and until the statute of limitations of that state had barred a recovery on the instrument sued on. The defendant thereafter removing to the Territory of Oklahoma was sued in the district court of Kingfisher county by plaintiff as receiver of the Union Trust Company of Philadelphia, Pa., praying for judgment upon and for the amount of said note.

One of the defenses in said action stated by defendant, set forth the bar of the statute of limitations of the state of Nebraska. This defense was demurred to by the plaintiff, and the demurrer was by the court overruled.

The plaintiff standing upon this demurrer brings the case to this court.

A determination of the question here presented is dependent upon the construction to be given to sec. 4220 of Wilson's Ann. Stat. of this Territory, which reads:

"Where the cause of action has arisen in another state or country, between non-residents of this Territory, and, by the laws of the state or country where the cause of action arose, an action cannot be maintained thereon by reason of lapse of time, no action (can be) maintained thereon in this Territory."

The question as to whether the language of the foregoing statute is sufficient to bar an action here when the same has been barred by the limitation laws of any other state or country, or is operative only when the action is barred by the statute of the state where the contract was made, executed and delivered, has been before the courts and determined under statutes of like import with results impossible to harmonize.

The case of *Osgood v. Artt*, 10 Fed. 365, construing the Illinois statute, which reads:

"When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and by the laws thereof an action cannot be maintained by reason of lapse of time, an action cannot be maintained in this state", is a leading case upon the subject and holds, Blodget, D. J., writing the opinion, as follows:

"The evident intention of the legislature of this state was to say that the removal of debtors into this state should not revive causes of action which had become barred by the laws of other states where they had resided and been subject to suit; that the debtor brought with him the defense he had obtained by his residence elsewhere, and if a debtor leaves this state and takes up his residence elsewhere, and remains there unmolested by suit until suit is barred, it is also barred here."

This conclusion which holds that an action upon a promissory note, executed in Illinois, which is barred by the statute of any state in which the debtor may have resided, is barred in Illinois, was cited and approved by the supreme court of Minnesota in *Luce v. Clark*, 51 N. W., 1162, where it is held that a cause of action which did not arise in that state, or accrue to a citizen of that state, has come under the operation of the limitation laws of another state, and has been there barred, it is barred in Minnesota. The distinction between these two cases, *Osgood v. Artt* and *Luce v. Clark*, will be observed. In the first the debt was contracted in Illinois, the debtor removed to Missouri and there remained until the debt was barred by the laws of that state, and it was held that the debt was barred in Illinois and elsewhere. In the last case the debt was contracted out of the state of Minnesota and had become barred by the statute of another state from that in which the debt was contracted; it was held that such a bar was a bar to the prosecution of the action in Minnesota.

Upon the subject of this last cited case and upon a state of facts identical with the facts there passed upon, the supreme court of Montana in *Chevvier v. Roberts,* 12 Pac. 702, holds that the action was not barred, the court stating in construing a statute similar to our own and that of Minnesota in import:

"We believe the legislature intended that the creditor should have the option to say when he would enforce his demand, and that the only statutes he need to regard are those of the forum where he brings his suit, and the place where the debt was contracted."

There is a conflict in the authorities wherever this subject has been presented to the courts. We will notice one other.

In *Powers Mercantile Co. v. Blenthen,* 97 N. W. 1056, the court (Minn.) held that a debt contracted in Minnesota which is afterwards by reason of the removal of the debtor to the state of Washington barred by the statute of limitation of that state is *not* barred in Minnesota because of the bar in the state of Washington. In this case the debtor removed from the state of Minnesota before the debt became due. The court there had under consideration the particular language of their statute. "When a cause of action has arisen in a state or territory out of this state," and in determining what was meant by the use of such language the court holds that the word "arisen," as there used means "originating."

This conclusion distinguishes that case from *Osgood v. Artt, supra,* which holds, following *Hyman v. McVeigh,* 10 Leg. News, 157, that the language: "When a cause of action has arisen," should be construed as meaning when jurisdiction exists in the courts of the state to adjudicate upon the particular cause of action if invoked.

In *Stell v. Commissioners of Rutherford,* 70 N. C. 137, the court says:

"We do not think that the failure to pay the debt was the cause of action spoken of in the statute; but that the debt itself was the cause of action. And that the expression 'where the cause of action arose', means where the debt was contracted or originated."

In sharp contrast with this last case is the case of *Patterson v. Patterson,* 59 N. Y. 574, 17 Am. Rep. 384, where that court discussing these same terms, says:

"Nor is there room for difference as to what is meant by the phrases 'cause of action has accrued', or 'cause of action has arisen.' They do not mean the contracting of the indebtedness, for a cause of action does not accrue or arise from the making of the contract of indebtedness alone, but out of the non-performance of it as well."

It will be seen from the authorities here presented that the courts have not been uniform in determining the meaning of language such as is found in the Oklahoma statute of limitations. We must therefore determine for ourselves what construction is to be placed upon the language of our statute: "Where the cause of action has arisen in another state or country between non-residents of this Territory." Does such language mean the place where the debt was contracted, or the state or jurisdiction where a right of action has matured because of a default in complying with the terms of the contract?

If the first, the cause of action sued on in this cause is not barred by the statute of Oklahoma, because it was not barred by the statute of Kansas. If the latter, the action cannot be maintained in this Territory because of the fact that the defendant removed from the state of Kansas before the debt

matured, and the same matured while he was a resident of the state of Nebraska. and being barred there, is barred here.

The words "cause of action" as used in the statute in the phrase, "Where a cause of action has arisen in another state or country," is defined by Bouvier to mean: "Matter for which an action may be brought." The same term "cause of action" in the Cyc. is defined as follows: "The term 'cause of action' in law is generally understood as meaning the whole cause of action; that is, every fact which it is necessary to establish in order to support the right to judicial relief." Citing *Cork v. Gilo*, L. R. 8 C. P. 107, where it is said, "Cause of action has been held from the earliest times to mean every fact which is material to be proved to entitle the plaintiff to succeed. Every fact that the defendant would have a right to traverse."

If the cause of action was one founded upon contract, it is manifest that the defendant would have a right to traverse the question of the contract, express or implied, as well as the question as to whether or not there had been a default such as would authorize the bringing of a suit to recover thereon.

"The cause of action" cannot therefore be said to have "arisen" upon contract without there is first shown a contract exists, and that there is a default in its fulfillment. Each must exist, or no cause of action has arisen, and the first step, i. e., the making of the contract is the step out of which a cause of action arises. The word "arise" as defined by Roquet in his work on "English Words and Phrases," is used in various senses with the words "begin, mount, appear, happen, proceed from, exist". The word has therefore not the same significance as the word "accrued", which according to the same author signifies, "Result, add, acquired, received, benefit".

The word "accrued" therefore we think refers to the happening of something subsequent, while "arises" has a broader significance, which includes the beginning. We cannot, therefore, in determining the meaning of the phrase under consideration, hold that a cause of action has arisen only when the remedy and the right occur at the same time. But we do hold that a cause of action arises when the obligation was created which gave rise to a right of action as soon as such right accrued thereon.

Following this definition of the word "arisen" or the words "has arisen" as the same are used in the limitation statute of this Territory under consideration, and as the same affects the cause of action involved in this case, we must hold that such cause of action arose in the state of Kansas, and is not barred in this Territory until the same has become barred in the state of Kansas or until he resides in Oklahoma a sufficient length of time for the territorial statute to run against that cause of action.

In reaching this conclusion we think we are supported by the history of the limitation law of the Territory. By the statute of the Territory of Oklahoma, which took effect December 25, 1890, chap. 70, art. 43, p. 930 and 931, it is provided:

"Sec. 6. The time which the defendant is a non-resident of the territory shall not be included in computing any of the periods of limitation above prescribed.

"Sec. 7. Where a cause of action has been fully barred by the laws of any country or state where the defendant has previously resided, such bar shall be a full and complete defense, but this section shall not apply to causes of action arising in this Territory."

It will be observed that this section 7 leaves no ground for controversy as to its meaning, and by its provisions a cause of action is barred here which is barred in any other state of which the defendant has been a resident, unless the cause of action arose in this Territory.

Here the phrase "cause of action arising" has reference undoubtedly to a contract entered into in this territory and limits the provisions of the statute to causes of action which had their origin out of the Territory. If such statute were in force at this time, the contention of the defendant in error could easily be sustained under it; but the legislature of 1893 repealed such provision and enacted in its stead the provision now under consideration, being sec. 3894, Stat., 1893, and following the oft repeated declaration of the courts that by the repeal of a statute and the enactment of one to take its place a change must have been intended and not a mere continuation of the previous law (See Amer. & Eng. Enc. of Law vol. 26, p. 649) it must be held that a change was intended, but no change was in fact made if we give to the present statute the construction contended for by the defendant in error.

Again we think that the construction we have given to the statute under consideration is justified by the language of sec. 3893, and in considering the two sections together. Sec. 3893 refers to causes of action which have their origin in this Territory, and the language is: "If when a cause of action accrues against a person he be out of the Territory, etc." the period of limitation shall not begin to run until he comes into the Territory. The word "accrues" is here used to denote the time when an action may be brought, that is when the contract has matured and there has been default. If the

legislature intended by the enactment of sec. 3894 that its provisions should refer to the maturity of a cause of action, it would have used the same language as in sec. 3893, which was not done, but instead the language is "where a cause of action has arisen in another state or country". This must mean something more than is meant by "accrues" as used in section 3893, and means, we think, the state or country where the contract was made.

From the conclusion here reached it follows that the bar of the statutes of the state of Nebraska to a cause of action originating in the state of Kansas, cannot be pleaded as a bar against the same cause of action in this Territory.

The judgment of the district court of Kingfisher county will be reversed, and the cause remanded for further procedure in that court.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.