CHEVRIER, appellant, v. ROBERT, respondent.

STATUTE OF LIMITATIONS — *Conflict of laws — Debt.*— R. contracted a debt in Canada. Afterwards he removed to Nevada, and there remained until an action would have been barred by the law of Nevada. He then emigrated to the territory of Montana. *Held,* that the statute of limitations of Nevada constitutes no defense to an action brought against R. in Montana.

*Appeal from Second District, Silver Bow County.*

ACTION on a judgment. Judgment for defendant on plea of the statute of limitations. Plaintiff appealed.

WILLIAM SCALLON and W. W. DIXON, for the appellant.

W. F. SANDERS, for the respondent.

McLEARY, J.   This appeal is taken on the judgment roll, and presents but one question, viz., whether plaintiff's action is barred by the provisions of the statute of limitations. R. S. § 55, p. 50.   The action is on a judgment rendered at Montreal, in the Dominion of Canada, in favor of the appellant, and against the respondent, on the 6th day of November, 1877.   The defendant, by his answer, and the amendment thereto, denied some of the allegations of the complaint, and pleaded the statute of limitations (section 55, Code Civil Proc.), claiming that he had resided in the state of Nevada from May, 1876, until November, 1884, and that the cause of action sued on arose in Nevada; that the statute of limitations of Nevada had run against plaintiff's action; and that, being barred there, plaintiff's action was also barred here.   The case was tried by the court without a jury, and findings were filed.   The court found that all the allegations of plaintiff's complaint had been proved, but found in favor of the defendant on his plea of the statute of limitations, and dismissed the action.

It is conceded by counsel for respondent that the Canadian judgment could have been sued upon in the Dominion of

Canada at any time after its rendition, and no question is made whether or not a cause of action arose in Canada before the respondent emigrated to Nevada. It is not necessary to consider any question arising under that view of the case.

The only question then arising for discussion by this court is this: Whether, in an action upon a demand arising in Canada, and sued upon in Montana, a defendant can interpose the statute of limitations of Nevada, on the ground that since the cause of action arose he had resided in Nevada long enough for the statute of limitations of Nevada to bar the demand. This question was decided by the court below in the affirmative, and on this ground alone judgment was therein rendered for the respondent.

Section 55 of the Montana Code of Civil Procedure reads as follows: "When the cause of action shall have arisen in any other state or territory of the United States, or in any foreign country, and by the laws thereof an action cannot be maintained against a person by reason of the lapse of time, no action thereon shall be commenced against him in this territory." R. S. Mont. § 55, p. 50.

It is conceded that the cause of action in this case would not be barred in Canada nor in Montana, except under this section, but that it would have been barred in Nevada during the residence of the respondent in that state. Before we can apply this statute to the case at bar, it is necessary to first ascertain where the cause of action arose.

It is admitted that the cause of action first arose in Canada. Did it arise again in Nevada? If so, it also arose again in Montana, in November, 1884, when the respondent took up his residence here; and it may have arisen in a dozen other states or territories where he may have temporarily resided, since the judgment was rendered in Canada. We do not believe this is a fair interpretation of the law. A cause of action can arise but once; and, when it once accrues, it remains in force until it is extinguished, or satisfied, or barred by statute.

When an action is brought in the courts of this territory, on a cause of action arising beyond its limits, and the statutes of limitation are invoked, it is only necessary to inquire what are the statutes of Montana, and, under section 55 of the Code of Civil Procedure, to inquire, further, what are the statutes of the state or country where the cause of action arose or originated, or as it may be expressed, when the demand was created, and first became enforceable? Any other interpretation of the law would compel the creditor to trail the debtor from one country to another, and ascertain how long he resided in any particular jurisdiction, and to search the statute books of every foreign country through which he may have passed, and wherein he may have tarried, for business or pleasure, to see if, in some one or other of them, his debt had not been barred. This could not have been the intention of the legislature. *Olcott* v. *Tioga R. Co.* 20 N. Y. 226. We believe the legislature intended that the creditor should have the option to say when he would enforce his demand, and that the only statutes he need to regard are those of the forum where he brings his suit, and of the place where the debt was contracted.

And, again, it certainly was not the intention of the legislature of Montana to allow a man incurring a debt here to migrate to Nevada, and remain there during the statutory period, and return to this territory, and, when sued, to set up as a perfect defense the statutes of limitation of Nevada; for it is expressly provided in section 50 of the Code of Civil Procedure, that "if, after the cause of action shall have accrued, he [the debtor] depart from this territory, the time of his absence shall not be a part of the time limited for the commencement of the action." To give section 55 the construction contended for by the respondent would make it directly in conflict with section 50 just cited; for, if a cause of action arising in Canada arises again in Nevada, on the removal of the debtor to that state, the same result would follow in a case where the debt originated in Montana. We must give such a construction to statutes,

especially those contained in the same chapter of a code, as will harmonize them, rather than render them irreconcilably contradictory.

We are cited by the respondent's counsel to the case of *Humphrey* v. *Cole*, reported in the Chicago Legal News of 1st December, 1883, on page 98. This case is in conflict with the views herein expressed; but it was decided by the appellate court, which is not a court of last resort; and, besides, the decision of the case is not rested on this ground alone, but on the fact that the instrument sued on was more than twenty years past due, and that a presumption of payment arose from this, independent of the statute, and the further fact that the note stated an indefinite sum, and was on that account non-negotiable paper, and suit could not be maintained thereon in the hands of an assignee. For these reasons we cannot regard this case cited as an authority herein.

We are also referred by the learned counsel for respondent to the case of *Osgood* v. *Artt*, 10 Fed. Rep. 365, decided by Judge Blodgett in the district court of the United States for the northern district of Illinois. That case is directly in conflict with our views in the case at bar; but we do not think it was well considered, and the reasoning of the opinion is not satisfactory to our minds. A statute similar to ours (section 50) is construed to mean "that the time a defendant is absent from this state, after the cause of action accrues, is no part of the time limited for the commencement of the action, *unless the defendant resides in another state or country long enough to bar the action by the laws of such state or country.*" If the legislature of Illinois meant anything like this, it is passing strange they did not say so. We do not feel at liberty to take anything from or add anything to a statute passed by the legislature of Montana. It is, in our opinion, the province of courts to construe the laws, and not to make them. The case of *Osgood* v. *Artt*, not having been decided by a court of last resort, and the opinion not being, as we think, based on sound reasoning, cannot be followed.

We are also referred, in support of the ruling of the court below, to the case of *McCormick* v. *Blanchard*, 7 Or. 235. That case merely decides that the statute of limitations of Oregon, which is similar to ours, began to run on the note sued on at the time the cause of action accrued in Illinois, where the note was given, and not at the time when the debtor arrived in Oregon. If this case is in point at all, it is an authority in favor of appellants.

A further discussion of the cases cited by counsel is un-. necessary, as none of them are directly in point; and no court of last resort seems to have decided the point directly at issue.

On all principles of reason, and according to the best-known rules for the construction of statutes, we are forced to the conclusion that there was error in the judgment of the court below, and the same is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

WADE, C. J., and BACH, J., concur.