[No. 3618.   Decided January 17, 1901.]

FRANZ FREUNDT, *Respondent,* v. CHARLES HAHN *et ux.,*
*Appellants.*

LIMITATION OF ACTIONS — CONTRACTS BY RESIDENTS OF ANOTHER
    STATE — WHEN LAW OF FORMER GOVERNS.

Bal. Code, § 4818, which provides that "when a cause of action
has arisen in another state, territory, or country between non-
residents of this state, and by the laws of the state, territory,
or country where the action arose an action cannot be main-
tained thereon by reason of the lapse of time, no action shall
be maintained thereon in this state," is inapplicable in the case
of an action upon a promissory note by a resident of this state
against a non-resident, although at the time of the execution of
the note both plaintiff and defendant were non-residents, where
plaintiff had taken up his residence within this state prior to the
maturity of the note.

Appeal from Superior Court, King County.—Hon E. D. Benson, Judge. Affirmed.

*Fred H. Peterson,* for appellants.

*Adolph Munter,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Action brought in March, 1899, against appellants, who were then and at all times mentioned residents of California; jurisdiction was obtained by attachment in this state, to recover upon two promissory notes executed by Charles Hahn and one R. Wittke. There are two causes of action alleged in the complaint, which are identical except as to the amounts of the notes and the allegations of payment thereon. The first note was for $1,200, made in Los Angeles, Cal., February 7, 1888, and the last payment thereon made January 19, 1895. The second note was for $1,000, made at the same time and place, and the last payment was made at the same date as upon the other note.

The substantial defense to the action was that no action could be maintained upon either of the notes because the statute of limitations of California barred the action after four years from the maturity of the notes, and by reason of § 4818, Bal. Code, the statute of limitations of California pleaded here was applicable, and the bar of the California statute was a complete defense. Section 4818, *supra,* is as follows:

"When the cause of action has arisen in another state, territory, or country between non-residents of this state, and by the laws of the state, territory, or country where the action arose an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state."

The determination of the question depends upon the meaning of the words "arisen" and "arose" in the section quoted. Counsel for appellants maintains that the words "arisen" and "arose" are used in the sense of "originated," and therefore that, as the notes were executed and payable in California, the cause of action "arose" at the time the notes were executed; that those words are not used in the sense of "accrued," which specially means when the right to sue exists. The word "arise," it is true, has not been used with uniform signification in different statutes. Thus, in the case cited by counsel—*Emerson v. Steamboat Shawano City,* 10 Wis. 433—the court remarked: "A cause of action may be said to arise, when the contract out of which it grows is entered into or made." Also, *Steele v. Commissioners of Rutherford,* 70 N. C. 139, where a statute provided that actions must be tried in the county where the cause, or some part thereof, arose, it was held that the expression, "where the cause of action arose," meant where a debt was contracted, and not the place of the failure to pay the debt. But it does not appear that an action could not have been maintained in the county where the cause, or some part thereof, arose. It is elementary doctrine that under the common-law rule the statute of limitations of the forum in which the action is brought governs. Section 4818, *supra,* is a modification of the common-law rule, and authorizes the plea of the statute of limitations upon causes of action arising in another state between non-residents of this state. In Illinois a statute of limitations reads as follows: "When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and by the laws thereof an action cannot be maintained by reason of the lapse of time, an action thereon

shall not be maintained in this state." *Osgood v. Artt,* 10 Fed. 366. The supreme court of Illinois construing this statute said: .

"When a cause of action has arisen, * * * should be construed as meaning when jurisdiction exists in the courts of a state to adjudicate between the parties upon the particular cause of action, if invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the state upon the particular cause of action, without regard to the place where the cause of action had its origin." *Hyman v. McVeigh,* 10 Leg. News, 157.

See, also, *Berry v. Krone,* 46 Ill. App. 82.

It was admitted at the trial at the times the notes were executed plaintiff and defendants were residents of the state of California; that within one month after the execution and delivery of the notes the plaintiff left the state of California and came to this state where he has continuously resided ever since; and that defendants during the whole time were, and now are, residents of the state of California. It is apparent that during the time plaintiff was a resident of the state of California no cause of action subject to cognizance in the courts existed against the defendants. If the notes had been paid at maturity, no legal cause of action would have existed. It could neither have originated nor arisen until the breach of the contract to pay the money. Before the maturity of the notes, the plaintiff, the payee, was a resident of this state. He was then a resident of this state when the jurisdiction existed in the courts to adjudicate between the parties, and at the time he had a right to sue the defendants. We think, as used in § 4818, *supra,* the cause of action arose between a resident of this

state and a resident of California, and that the California statute of limitations is inapplicable.

The judgment is affirmed.

DUNBAR, FULLERTON and ANDERS, JJ., concur.