POWERS MERCANTILE COMPANY v. ALDEN J. BLETHEN.[1]

January 22, 1904.

Nos. 13,760—(196).

**Money Paid.**

>   The plaintiff, at the request of the defendant, paid for him seven promissory notes held by third parties. *Held*, that the plaintiff's remedy was not an action on the notes, but one for money paid for the defendant's use and benefit.

**Limitation of Actions.**

>   Sections 5145, 5146, G. S. 1894, relating to limitations of actions, construed and *held* that the first applies to actions the subject-matter of which arises or originates in this state and the debtor is out of the state when the cause of action accrues, or afterwards departs therefrom; and that the second applies to causes of action not covered by the first—that is, to actions the subject-matter of which arises out of the state.

Action in the district court for Hennepin county to recover $996.66, and interest, for money paid for the use of defendant, and $395.54, and interest, upon a promissory note. The case was tried before W. R. Cray, J., who found in favor of plaintiff for the aggregate sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. H. Rossman,* for appellant.

Plaintiff had its right of action on the notes on the express promise made by defendant and paid the amounts expressed in the notes and must sue thereon. To support an action of assumpsit or an action for money paid there must be a contract, express or implied, between the parties to the action, and further, it is essential to the maintenance of the action that the express or implied contract be founded upon a sufficient consideration. 4 Cyc. 321, notes 13, 14, and cases cited. The law will not imply a contract where an express one exists. 4 Cyc. 326, notes 45, 46, and cases therein.

Payment of a note by indorser does not discharge the indorsement, but the payer is remitted to his former rights against the antecedent parties. 4 Am. & Eng. Enc. (2d Ed.) 497, 498; Madison v. Pierce,

[1] Reported in 97 N. W. 1056.

137 N. Y. 444; West v. Thompson, 124 Mass. 506; North v. Hamlin, 125 Mass. 506; National v. Davis, 24 Oh. St. 190; Fowler v. Strickland, 107 Mass. 552. The indorser's action against the maker where he has taken up the note at its maturity is upon the note itself and not for money paid to the maker's use. Fenn v. Dugdale, 31 Mo. 580; Howell v. McCracken, 87 N. C. 399; Kennedy v. Carpenter, 2 Whart. 344.

An action on the first cause of action set out in the complaint arose against the defendant in Washington when he moved into and became a resident of that state on June 1, 1896, and on the note, the subject-matter of the second cause of action, as soon as said note matured, namely, on September 1, 1896.

Defendant having resided in the state of Washington during the full period of limitation there, the case is within our statutes of limitation without regard to whether causes of action had ever arisen in Minnesota, for a fair construction of the Minnesota statutes leads to the conclusion that it was intended to establish the rule that a cause of action fully barred by the statute of any state of which defendant had previously been a resident is barred here, except in cases where the plaintiff is a citizen of this state and has had the cause of action from the time it accrued. Luce v. Clarke, 49 Minn. 356; Humphrey v. Cole, 14 Bradw. 56; Hyman v. Bayne, 83 Ill. 256; Osgood v. Artt, 10 Fed. 365; Harris v. Harris, 38 Ind. 423; Wright v. Johnson, 42 Ind. 29; Davis v. Harper, 48 Iowa, 513; Thompson v. Read, 41 Iowa, 48; Lloyd v. Perry, 32 Iowa, 141.

*Flannery & Cooke,* for respondent.

As to five of the notes involved in this case respondent was not a party. As to two, it was an indorser. The notes were not paid by respondent in fulfilment of its contract of indorsement, neither were they purchased from the bank which was the owner thereof. They were simply paid as they matured by respondent for appellant, at his instance and request; and, under such circumstances, when paid, they ceased to exist as notes, and respondent could not maintain an action thereon. Lancey v. Clark, 64 N. Y. 209; Eastman v. Plumer, 32 N. H. 238. When commercial paper has been paid by the party whose debt it appears to be, it becomes commercially dead, but is evi-

dence in the hands of the payer to charge the real debtor. First v. Maxfield, 22 Atlantic 479 (Me.); Fogarty v. Wilson, 30 Minn. 289; 2 Daniel, Neg. Inst., § 1236, (5th Ed.).

The form of action for money paid at appellant's request is in strict accordance with the facts, and is the only form of action which could be maintained under the statute or at common law. The fact that appellant was not relieved from liability makes no difference. Johnson v. Krassin, 25 Minn. 117; Emery v. Hobson, 62 Me. 578; Brittain v. Lloyd, 14 M. & W. 762; 2 Greenleaf Ev., 113; 4 Wait's Actions & D. 450.

Respondent corporation, so far as business transacted in this state is concerned, is made in effect a domestic corporation, and is entitled to all the rights, privileges and immunities of a domestic corporation. G. S. 1894, § 3425; Heileman Brewing Co. v. Peimeisl, 85 Minn. 121.

START, C. J.

The complaint herein alleges two causes of action. The allegations as to the first one are to the effect that the plaintiff, between January 1, 1896, and June 1 following, at the special request of the defendant, and for his use and benefit, paid for him divers sums of money aggregating $996.66, specifying the amount and time of each payment. The allegations as to the second cause of action are that on May 1, 1896, the defendant executed to the plaintiff his promissory note of that date, and thereby, for value received, promised to pay to the order of the plaintiff, four months after date, the sum of $395.54, with interest. The answer put in issue the allegations of the first cause of action, admitted the execution of the promissory note, and alleged that it was given in payment of the balance found due from the defendant to the plaintiff upon a full and complete accounting and settlement of all accounts between the parties. As a further defense the answer set up the statute of limitations, pleading therewith the statute of limitations of the state of Washington. The new matter alleged in the answer was put in issue by the reply. The cause was tried by the court without a jury, and as a conclusion of law from the facts found the court directed judgment for the plaintiff for the amount claimed. The defendant appealed from an order denying his motion for a new trial.

The here material facts found by the court or admitted by the parties are substantially these: The plaintiff, from a time prior to January 1, 1896, has been, and now is, a corporation organized under the laws of the state of New Jersey, doing business at Minneapolis, in this state, and complying with all of the laws of this state. The defendant, from a time prior to January 1, 1896, to June 1, 1896, resided at the city of Minneapolis, this state, and on the day last named he removed from the state, and has since resided in the state of Washington. This action was commenced on December 29, 1902, by personal service of the summons upon the defendant at St. Paul, this state.

Actions can only be commenced in the state of Washington upon contracts in writing within six years after the cause of action accrues, and upon contracts not in writing within three years after the cause of action accrues, according to the statutes of that state. The subject-matter of both causes of action arose—that is, originated—in this state while the defendant was a resident hereof. The plaintiff, at the request of the defendant, and before he left the state, paid and took up seven promissory notes made by him and held by third parties, which notes, except one, are now in the possession of the plaintiff. The plaintiff was an indorser on two of the notes, but was in no manner a party to the other five. The payments so made for the defendant aggregated $996.66, and the last one was made on May 1, 1896. None of such payments was included in the accounting alleged in the answer, or any part thereof included in the note executed by defendant to plaintiff.

1. The first point made by the defendant is that the plaintiff's right of action was upon the notes which it paid and took up at his request. As to the five notes to which the plaintiff was not a party, it is perfectly obvious that the transaction did not amount to a purchase of the notes by the plaintiff, for they were paid, not purchased, for the defendant, at his request. Upon the payment of the notes in compliance with such request, the law implied a promise on the part of the defendant to repay the amount so advanced on demand. The notes having been paid for the plaintiff, they ceased to be valid obligations, precisely as if the defendant had personally paid them. The notes, after the plaintiff paid them, were in its hands simply evidence of such payments. The other two notes were not paid by the plaintiff in discharge of

its contract of indorsement, but in compliance with the request of the defendant, and when so paid they too ceased to be valid obligations. It follows that the plaintiff's remedy was not an action upon the notes, but one for money paid for the defendant's benefit at his request. Johnson v. Krassin, 25 Minn. 117.

It is suggested that there was no consideration for the defendant's implied promise to repay the amounts advanced by the plaintiff for the alleged reason that he was not thereby relieved from any liability. He certainly was relieved from liability to the holders of the notes, and the plaintiff, at his request, paid his debts, and his implied promise is just as clearly supported by a consideration as would have been his promise to pay if he had borrowed the money of the plaintiff and with it personally paid the notes.

2. The only other question presented by the record meriting consideration is whether this action is barred by the statute of limitations. It must be conceded that if this action had been brought in the state of Washington, the statute of limitations of that state would be a bar; hence another form of the question is: Does such fact constitute a defense to the action in the courts of the state of Minnesota? The answer to this question depends on the construction to be given to G. S. 1894, §§ 5145, 5146, which read thus:

> "Sec. 5145. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited after his return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action.
>
> "Sec. 5146. When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot there be maintained by reason of the lapse of time, an action thereon cannot be maintained in this state, except in favor of a citizen thereof, who has had the cause of action from the time it accrued."

When the plaintiff's first cause of action accrued, the defendant was a resident of the state, but when the second one accrued he was out of the state; therefore both causes of action are within the express

provisions of section 5145, and neither is barred, unless section 5146 provides otherwise. The meaning of these sections is somewhat obscure, but the provisions of each must be harmonized with those of the other and effect be given to both. Neither can be rejected as meaningless. The history of these sections sheds some light on the question of their meaning. The original of section 5145 was R. S. 1851, c. 70, § 16, and a part of the general statute of limitations. The original of section 5146 was R. S. 1851, c. 82, § 39, which had no relation to section 16, Id. The original and disconnected sections were brought together and re-enacted by the revision of 1866. Section 38, c. 82, R. S. 1851, provided that:

> "When the court has jurisdiction of the parties, it may exercise it, in respect to any cause of action, whenever (wherever) arising, except for the specific recovery of real property situated out of this territory, or an injury thereto, and except as also provided by statute in relation to proceedings against foreign corporations."

It is manifest that the words "cause of action * * * arising," as used in the last section, do not mean simply "cause of action accruing," but that the word "arising" is also used in the sense of "originating," that is, the court is given jurisdiction of any cause of action wherever its subject-matter originated, except as therein stated. Then follows section 39, Id. (now section 5146), which provides, in effect, that when a cause of action has arisen in a jurisdiction out of this state, and by the laws thereof an action thereon cannot be maintained by reason of lapse of time, the action is barred in this state except in favor of a citizen of this state who held the cause of action when it accrued.

Now, if we read sections 5145 and 5146 in the light of their history, it is fairly clear, and we so hold, that they do not refer to the same class of actions; that section 5145 refers to actions the subject-matter of which arises or originates in this state and the debtor is out of the state when the cause of action accrues or afterwards departs therefrom; that in such case the time the debtor is out of the state is no part of the time limited for the commencement of the action; and, further, that section 5146 applies to causes of action not covered

by section 5145—that is, to actions the subject-matter of which arises out of the state; and, further, that in such a case, if the cause of action is barred by the statute of limitations of a foreign jurisdiction, it is also barred in this state, except in favor of a citizen thereof who has had it from the time it accrued. Hoyt v. McNeil, 13 Minn. 362 (390); Town v. Washburn, 14 Minn. 199 (268); Duke v. Balme, 16 Minn. 270 (306); Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162.

In the last case cited the subject-matter of the cause of action arose out of this state, and counsel for the defendant relies in support of his contention that this action is barred upon a statement made by the court in that case when construing section 5146. The language used by the court was this: "The legislature, of course, is presumed to have known that when it passed the statute; and in the clause 'when a cause of action has arisen,' etc., it must have had reference not merely to the facts constituting the cause of action, but also to the existence of the fact that brings the cause of action within the operation of the statute of limitations. The intention may be inferred (it is not very well expressed) to recognize the effect of the limitation laws of any other state whenever a cause of action has come under the operation of such laws and been barred by them." But this was said with reference to section 5146, and is not necessarily inconsistent with the conclusion we have reached. It cannot be presumed that the legislature intended by section 5146 to nullify the provisions of section 5145, but this is just what it has done unless section 5146 be construed as applying only to cases not covered by section 5145, as we have construed it. It follows from our construction of the last-named section that neither of the plaintiff's causes of action was barred.

Order affirmed.