[No. 5868.   Decided January 30, 1906.]

OMAHA NATIONAL BANK, *Respondent,* v. EMMA A. LINDSAY, *Appellant.*[1]

LIMITATION OF ACTIONS—ABSENCE FROM STATE TOLLING STATUTE—APPLICABILITY TO NONRESIDENTS.  Bal. Code, § 4808, with reference to the tolling of the statute of limitations during the absence of the debtor until his "return" to this state, applies to nonresident debtors who never at any time resided in this state.

SAME — JUDGMENT IN ACTION BETWEEN NONRESIDENTS — WHERE CAUSE AROSE.  A judgment entered in the courts of this state in favor of a resident of Nebraska against residents of Idaho upon acceptance of personal service, creates a liability which "arose" in this state, within the meaning of the statute of limitations, Bal. Code, § 4818, and the period for the commencement of an action thereon does not begin to run until the judgment debtors remove to this state (FULLERTON and CROW, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 19, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a judgment.  Affirmed.

*Charles A. Murray,* for appellant.

*P. C. Shine* and *W. L. Husbands,* for respondent.

ROOT, J.—On the 17th day of February, 1897, a judgment was rendered and entered in the superior court of Spokane county in favor of respondent, a national bank doing business in Omaha, in the state of Nebraska; said judgment being against Emma A. Lindsay, this appellant, and her husband, Milon S. Lindsay, for the sum of $12,972.  At that time appellant and her husband were, and ever since have been, residents and citizens of the state of Idaho, residing there continuously. This action was commenced on the 5th day of March, 1904, as a common law action based upon said judgment.  Certain defenses interposed by said Milon S. Lindsay were held by the lower court to be good and sufficient, and the action was

[1]Reported in 84 Pac. 11.

dismissed as to him. Appellant interposed as an affirmative defense the plea of the statute of limitations, setting up § 4030 of the revised statutes of Idaho, which provides that, "civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except when in special cases, a different limitation is prescribed by statute," and alleging that § 4051 of said revised statutes of Idaho makes six years the period in which an action may be begun upon a judgment of any court of the United States or of any state or territory therein; and that there were no other statutes contravening the provisions of these pleaded. The lower court held the defense insufficient, and gave judgment in favor of respondent. From this judgment an appeal is prosecuted.

The only question presented is as to the statutes of limitation. Appellant maintains that, as she was a resident of Idaho at the time the judgment sued on was made and entered in this state, she could have been immediately sued in Idaho upon said judgment, and that consequently the statutes of limitation in Idaho began to run at that time, and that, as six years had expired prior to the commencement of this action, the latter is barred. She maintains that this action "arose" in Idaho, for the reason that, at the time of the entry of the judgment which constitutes the subject-matter of this suit, she could have been sued in Idaho and in no other state, inasmuch as the courts of no other state could have had jurisdiction both of the subject-matter and her personally.

Respondent maintains that the cause of action arose in this state; that the judgment was taken in a suit by consent of the appellant and her husband, and that they were, for all legal purposes, deemed to have been present and residents of the state of Washington at the time said judgment was entered; and that, even if they be not deemed to have been present and residents of the state at that time, nevertheless the fact of the court's then and there having jurisdiction of the subject-matter, and having properly and legally made and

entered the judgment, such judgment at its inception marked the time when the cause of action originated for the present action. It is also suggested that, if the entry of the judgment did not constitute an "arising" of the cause of action in this state, said entry of judgment gave rise to the cause of action in the state of Nebraska, of which state the respondent was then a resident; that the judgment being personal property, its situs was at the home of the owner; and that, inasmuch as the statutes of limitation of the state of Nebraska are not pleaded, no reason appears why the case should not be controlled by the statutes of this state. Respondent relies upon Bal. Code, § 4808, which reads as follows:

"If the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into the state, or after the time of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action,"

and urges that Bal. Code, § 4818, avails appellant nothing in this case.

Appellant contends that § 4808 is not applicable as against her in this case, for the reason that she never was a resident of this state, and that said section could only apply where the defendant was a resident of the state at the time the cause of action arose, and left afterwards. This court has construed § 4808 as applicable not only to persons who have resided in the state and then removed therefrom, but also to those who have never at any time resided within the state. *Lake v. Steinbach,* 5 Wash. 659, 32 Pac. 767; *Weber v. Yancy,* 7 Wash. 84, 34 Pac. 473. Such construction having been adopted and followed for so long a time must be controlling now.

This leaves only the question as to whether or not § 4818 is available to appellant, and that must be ascertained by a

determination of the question as to whether the action can be said to have "arisen" in this or some other state. We think, under the circumstances of this case, the action must be said to have arisen in this state. This being true, we must, upon the authority of former decisions of the court, hold that the case is governed by § 4808. *Freundt v. Hahn,* 24 Wash. 8, 63 Pac. 1107, 85 Am. St. 939; *Chevrier v. Robert,* 6 Mont. 319, 12 Pac. 702; *Powers Mercantile Co. v. Blethen,* 91 Minn. 339, 97 N. W. 1056; *Goodnow v. Stryker,* 62 Iowa 221, 14 N. W. 345, 17 N. W. 506; *Emerson v. Steamboat Shawano City,* 10 Wis. 433.

The judgment of the superior court is affirmed.

MOUNT, C. J., DUNBAR, RUDKIN, and HADLEY, JJ., concur.

FULLERTON, J. (dissenting)—The cause of action was not the judgment sued on, but the contract which gave rise to the judgment. It did not, therefore, accrue in this state, and the plea of the statute of limitations of Idaho should have prevailed. For this reason I dissent from the conclusion of the majority.

CROW, J., concurs with FULLERTON, J.