(June 24, 1908.)

## JENNIE E. WEST, Executrix, Appellant, v. CHARLES THEIS, Respondent.

[96 Pac. 932.]

LIMITATIONS OF ACTIONS—BAR OF CAUSE OF ACTION ARISING IN FOREIGN STATE—COMPUTATION OF PERIOD OF LIMITATION—WHEN CAUSE OF ACTION ARISES IN FOREIGN STATE—"RETURN TO THE STATE."

1. The words "return to the state" used in sec. 4069, Rev. Stat., providing that "if, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state," apply to a nonresident debtor who enters into a contract in a foreign state, and thereafter comes into this state, as well as to a citizen who enters into a contract within this state, and thereafter departs from the state.

2. The phrase "has arisen in another state" used in sec. 4079, Rev. Stat., providing that "when a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state," refers to and means the state in which the foreign contract is to be paid or discharged, and has no application to an intermediate state or foreign country through which the debtor may subsequently travel or in which he may reside for a sufficient length of time to constitute the bar of the statute of limitations of such state prior to coming to this state, where an action is eventually commenced.

3. Under the provisions of sec. 4079, Rev. Stat., "a cause of action arises" at the time and the place in the state or foreign country when and where the debt is to be paid or the contract performed, and the cause of action thus arising continues and follows the debtor until such time as it is either barred by the statute of

limitations of the state wherein it arose, or until the debtor has lived within this state a sufficient length of time to bar it by the statute of limitations of this state.

4. Where T. executed promissory notes in the state of Kansas and agreed to pay at a definite time and place within that state, and thereafter left the state and went to the state of Washington, and there resided a sufficient length of time to bar the right of action under the statutes of the state of Washington, and thereafter came to Idaho where he was sued upon the cause of action, and it appears that the statute of limitations of the state of Kansas has not yet run against the obligation, and that the debtor has not been in this state a sufficient length of time to bar the action here, he will not be permitted to plead the bar of the statute of limitations of the state of Washington;—in such case the only inquiry is as to the statute of limitations of the state in which the debt was contracted and agreed to be paid, and of this state wherein the action is being prosecuted.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for the County of Ada. Hon. Fremont Wood, Judge.

Action by the plaintiff to recover the principal and interest on four promissory notes. Judgment for defendant on the plea of the bar of the statute of limitations. Plaintiff appeals. *Reversed.*

Richard H. Johnson, for Appellant.

Under statutes the same as our secs. 4069 and 4079, Rev. Stat., the highest courts of Montana, Oklahoma and California, in cases identical on the facts and involving this precise question, have held that this statute has reference only to the statute of limitations of the place where the contract was made and to be performed, and not to every other place where the defendant in the interim may have visited or resided, and that if the contract could be enforced in the state where it was made and to be performed, it should be enforced in the place where suit is brought, unless barred by the statute of the latter place. (*Chevrier v. Roberts,* 6 Mont. 319, 12 Pac. 702; *Doughty v. Funk,* 15 Okl. 643, 84 Pac. 484; *McKee v. Dodd,* 152 Cal. 637, 93 Pac. 854.)

The cause of action arose *eo instanti* when default in payment occurred according to the terms of the promissory notes. (*Alspaugh v. Reid,* 6 Ida. 226, 55 Pac. 300.)

The cause of action arose in Kansas and could not arise elsewhere. (Pomeroy on Remedial Rights, secs. 452, 453; *Shillito Co. v. Richardson,* 102 Ky. 51, 42 S. W. 847; *Hiller v. Burlington & Mo. R. R. Co.,* 70 N. Y. 223; *Omaha Nat. Bank v. Lindsay,* 41 Wash. 531, 84 Pac. 11; *Storey v. Thompson,* 36 Ill. App. 370; *McCann v. Randall,* 147 Mass. 81, 9 Am. St. Rep. 666, 17 N. E. 75; *Drake v. Found Treasure Min. Co.,* 53 Fed. 474.)

The words "return to the state," as used in sec. 4069, have been held by the courts of England and most of the states of this country to apply as well to persons who came into the state for the first time as to those who have been in the state before. (*Ruggles v. Keeler,* 3 John. 263, 3 Am. Dec. 482.)

The supreme court of California, in *Palmer v. Shaw,* 16 Cal. 96, adopted the same construction of that statute long before it was taken from that state into the Idaho statutes, and that construction has been followed ever since in California.

Cavanah & Blake, and W. E. Borah, for Respondent.

Under sec. 4079, Rev. Stat., when a party has resided in another state a sufficient length of time to bar the action in said state, suit cannot be maintained upon said cause of action in this state. The defendant has resided in Washington for nearly sixteen years. The courts were open, service could have been had, and the cause of action could have been brought at any time within the statutory period in that state. No action having been brought, the same was barred there, and therefore it is barred here; for that is the exact condition and state of facts which our statute was intended to cover. The language of the statute is plain and unambiguous and the courts have often construed the same. (*Luce v. Clarke,* 49 Minn. 356, 51 N. W. 1162; *Powers Mercantile Co. v. Blethen,* 91 Minn. 339, 97 N. W. 1056; *Lewis v. Hyams,* 26 Nev. 68, 99 Am. St. Rep. 677, 63 Pac. 126, 64 Pac. 817; *McCormick v. Blanchard,* 7 Or. 232; *Osgood v. Artt,* 10 Fed. 365,

11 Biss. 160; *Freundt v. Hahn,* 24 Wash. 8, 85 Am. St. Rep. 939, 63 Pac. 1107; *Wooley v. Yarnell,* 142 Ill. 442, 32 N. E. 891; *Strong v. Lewis,* 204 Ill. 35, 68 N. E. 556.)

Sec. 4069 does not apply to the cause at bar. It applies only where a party within the state departs therefrom and the cause of action arises during his departure, or where, after the cause of action has arisen, he departs and returns. This section must be construed in connection with sec. 4079. (*Powers Mercantile Co. v. Blethen,* 91 Minn. 339, 97 N. W. 1056; *Snoddy v. Cage,* 5 Tex. 106; *McCormick v. Blanchard,* 7 Or. 232; *Hyman v. Bayne,* 83 Ill. 256; *Wilson v. Daggett,* 88 Tex. 375, 53 Am. St. Rep. 766, 31 S. W. 618.)

AILSHIE, C. J.—The question to be determined in this case is: Where a debtor executed a promissory note in the state of Kansas and agreed to pay the same at a specified time and place within that state, and who thereafter removed to the state of Washington and resided there until the bar of the statute of limitations of that state had run against the right of action on the contract, and the debtor thereafter came into the state of Idaho and was sued upon the obligation, can he here plead the bar of the statute of limitations of the state of Washington?

The trial court held that the plea of the statute of limitations of the state of Washington was good, and entered judgment in favor of the defendant. This appeal is from the judgment so made and entered. The transaction out of which this action arose and the circumstances involving the statute of limitations are briefly as follows:

On April 2, 1888, the defendant, Charles Theis, at Richfield, Kansas, executed and delivered to I. D. West his four promissory notes for the sum of $2,000 each, and therein promised and agreed to pay the same at the office of Ritter & Doubleday in the city of Columbus, state of Kansas. The plaintiff here is the widow of I. D. West, and executrix of his estate. The defendant, Theis, left Kansas after the maturity of two of these notes and before the maturity of the other two, and before the statute of limitations had run as against any of

these obligations. He thereafter located in the state of Washington, where he resided continuously for a period of more than six years, which period is prescribed by the statutes of that state as the limit within which actions of this character must be commenced. He thereafter came into the state of Idaho, and this action was brought against him on May 10, 1906. The defendant answered, admitting the execution of the notes as alleged in the complaint, and pleaded the statute of limitations of the state of Washington as a bar to the action in this state under sec. 4079, Rev. Stat. of Idaho. The proper solution of this question must necessarily depend upon the construction to be placed on secs. 4069 and 4079 of the Rev. Stat. of this state. Those sections are as follows:

"Sec. 4069. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

"Sec. 4079. When a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued."

Statutes similar to the foregoing have been considered and construed by the courts of last resort of a number of the states and different conclusions have been reached by the different courts. We shall not undertake to review or analyze the decisions to any great extent, but shall rather consider the reasons suggested by some of them in so far as they may throw light on the statutes under consideration. In the first place, it must be conceded that the decisions from Minnesota, Illinois and Nevada sustain the contention made by the respondent in this case. (*Luce v. Clark,* 49 Minn. 356, 51 N. W. 1162; *Powers Mercantile Co. v. Blethen,* 91 Minn. 339, 97 N. W. 1056; *Osgood v. Artt,* 10 Fed. 365, 11 Biss. 160; *Wooley v.*

*Yarnell,* 142 Ill. 449, 32 N. E. 891; *Strong v. Lewis,* 204 Ill. 35, 68 N. E. 556; *Lewis v. Hyams,* 26 Nev. 68, 99 Am. St. Rep. 677, 63 Pac. 126, also 64 Pac. 817.) There is also some support to be found for respondent's contention in *McCormick v. Blanchard,* 7 Or. 232; *Freundt v. Hahn,* 24 Wash. 8, 85 Am. St. Rep. 939, 63 Pac. 1107; *Snoddy v. Cage,* 5 Tex. 106; *Wilson v. Daggett,* 88 Tex. 375, 53 Am. St. Rep. 766, 31 S. W. 618.

On the other hand, appellant is supported in her contention by the decisions of Montana (*Chevrier v. Robert,* 6 Mont. 319, 12 Pac. 702); Oklahoma (*Doughty v. Funk,* 15 Okl. 643, 84 Pac. 484); California (*McKee v. Dodd,* 152 Cal. 637, 93 Pac. 854); Utah (*Lawson v. Tripp,* 95 Pac. 520); Kentucky (*Shillito Co. v. Richardson,* 102 Ky. 51, 42 S. W. 847); and Massachusetts (*McCann v. Randall,* 147 Mass. 81, 9 Am. St. Rep. 666, 17 N. E. 75). There are also cases from other states that, although not directly in point, tend to support the latter contention.

In *Chevrier v. Robert, supra,* the supreme court of Montana had under consideration the identical question presented in this case, and in considering their statute, secs. 50 and 55, Rev. Stat. of Montana Territory, which correspond to secs. 4069 and 4079, *supra,* of our Revised Statutes, in course of the opinion the court said:

"When an action is brought in the courts of this territory, on a cause of action arising beyond its limit, and the statutes of limitation are invoked, it is only necessary to inquire what are the statutes of Montana, and, under sec. 55 of the Code of Civil Procedure, to inquire, further, what are the statutes of the state or country where the cause of action arose or originated, or, it may be expressed, when the demand was created, and first became enforceable. Any other interpretation of the law would compel the creditor to trail the debtor from one country to another, and ascertain how long he resided in any particular jurisdiction, and to search the statute-books of every foreign country through which he may have passed, and wherein he may have tarried, for business or pleasure, to see if, in some one or other of them, his debt had not been barred. This could not have been the intention

of the legislature. (*Olcott v. Tioga R. Co.,* 20 N. Y. 226, 75 Am. Dec. 393.) We believe the legislature intended that the creditor should have the option to say when he would enforce his demand, and that the only statutes he need to regard are those of the former, where he brings his suit, and of the place where the debt was contracted.''

The court concluded its consideration of that case by holding that under the statute the court could not consider the defendant's residence or the statute of limitations of any state or foreign country in which the defendant had resided, except that of the state or country in which the contract was entered into and of the jurisdiction in which the action was brought.

In *Doughty v. Funk, supra,* the supreme court of Oklahoma had under consideration a contract entered into in the state of Kansas on which suit was brought in the territory of Oklahoma. The defendant pleaded that the action had been barred by the statutes of the state of Nebraska where he had lived for a period exceeding that constituting a bar to the action. The court cited and considered the provisions of the statutes of Oklahoma, corresponding in substance to secs. 4069 and 4079 of our statute, and held that the defendant could not be heard to plead the bar of the statute of Nebraska, and that the only statutes to be considered in determining whether the cause of action was barred were the statutes of Kansas and of Oklahoma. In discussing the meaning and intent of the phrase ''when a cause of action has arisen'' (sec. 4079), the court said:

''We cannot, therefore, in determining the meaning of the phrase under consideration, hold that a cause of action has arisen only when the remedy and the right occur at the same time. But we do hold that a cause of action arises when the obligation was created which gave rise to a right of action as soon as such right accrued thereon. Following this definition of the word 'arisen,' or the words 'has arisen,' as the same are used in the limitation statute of this territory under consideration, and as the same affects the cause of action involved in this case, we must hold that such cause of action arose in the state of Kansas, and is not barred in this territory

until the same has become barred in the state of Kansas, or until he resides in Oklahoma a sufficient length of time for the territorial statute to run against that cause of action.''

Sec. 4069 of our statute corresponds to sec. 351 of the Code of Civil Procedure of California, while our sec. 4079 corresponds with sec. 361 of the California code, and they were both evidently copied from the California statute. As late as January of this present year, in *McKee v. Dodd, supra,* the supreme court of California was called upon to construe these sections and determine as to whether a defendant could plead the bar of the statute of a foreign territory in which he had resided a sufficient length of time to constitute a bar within that jurisdiction. In that case the note had been executed and was payable in the state of New York, where both parties resided at the time of its execution. After the maturity of the obligation, the defendant went to Europe, and finally located in Hawaii, where he resided for a sufficient length of time for the bar of the statute of limitations of the territory of Hawaii to run against the right of action. He died in Hawaii, leaving an estate in California. Action was thereafter commenced in California against the administrator of his estate who plead the bar of the statute of limitations of the territory of Hawaii. In passing on the matter and considering the provisions of the statute,· the court said:

''It is at once apparent, then, that the crux of this matter is to be found in the true interpretation to be given to the phrase 'when a cause of action has arisen.' Appellant contends that the cause of action 'arose' simultaneously in New York state at the time the promissory notes became due and payable, and also in Europe, where at that moment deceased chanced to be; that subsequently the cause of action arose successively in every country through which he passed, and arose finally in Hawaii upon his arrival there. . . . . A cause of action, as Prof. Pomeroy points out with his usual lucidity (Remedies and Remedial Rights, sec. 452 et seq.), arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the

primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term as it is used in the Codes of the several states.' It was the right of plaintiff to look for payment of his debt at the time it became due and at the place of payment—New York state. It was the duty of deceased to pay the debt, not only when it became due, but at the place of payment—New York state. His failure in this regard gave rise to the cause of action, and, clearly, therefore, that cause of action arose in the state of New York. In a legal sense the cause of action cannot have two places of origin. It can arise in but one place, and that, in such a case as this, is where the note is payable and the payee resides.''

The court concludes its consideration of that case by holding that the defendant could not successfully plead the bar of the statute of the territory of Hawaii. (See, also, *Hiller v. Burlington & M. R. Co.,* 70 N. Y. 223; *Omaha Nat. Bank v. Lindsay,* 41 Wash. 531, 84 Pac. 11; *Drake v. Found Treasure Min. Co.,* 53 Fed. 474.)

The latest judicial expression on this subject to which our attention has been called is that found in *Lawson v. Tripp, supra,* decided by the supreme court of Utah, March 28th of this year. The court there was considering the provisions of secs. 2888 and 2889, Rev. Stat. of Utah, which correspond to our secs. 4069 and 4079. Paragraphs 1 and 5 of the syllabus to that case state very clearly the holding of the court as to the meaning of these two sections when considered together, and are as follows:

''1. The word 'return,' in Rev. Stat. 1898, sec. 2888, providing that 'if when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state,' as applied to absent debtors, includes nonresidents as well as citizens of the state who have gone abroad and returned to the state, the words 'return to the state' being equivalent to 'come into the state.' '' (In support of this holding see authorities cited in the opinion.),

"5. A cause of action consists in, first, the primary right and the facts from which it flows, and, second, the breach of that right and facts constituting such breach, which elements taken together create a remedial right."

We find, therefore, from an examination of the foregoing decisions of courts of last resort, in considering and passing upon the meaning and intent of these statutes, that they hold: first, that section 4069 has reference to the time when a right of action arises or the right to commence an action has arrived, and that the period excluded from the computation of time applies both to residents and nonresidents of the state, and that the words "after his return to the state" refer as well to one who comes into the state who has never before been in the state, as to one who has departed from the state and returns to its jurisdiction; second, that sec. 4079, in referring to "a cause of action that has arisen in another state," has reference to the state or jurisdiction in which the contract or obligation was to be performed or discharged, and has no reference whatever to any intermediate state or jurisdiction through which the defendant may travel or in which he may reside between the time of executing the contract and the commencement of the action thereon.

We shall not attempt to review the authorities supporting the respondent's contention more than to say that the reasoning employed therein does not appeal to us as sound or logical, nor do they seem to us to portray or set forth the true meaning or intent of these statutory provisions. For example, in *Luce v. Clark,* the court holds in substance that where a debt is made payable according to the terms of the contract in one state, and when it becomes due the debtor resides in another state, the "cause of action" cannot be said to have arisen in the state where the debt is payable, for the reason that the debtor is not personally within its jurisdiction. This is substantially the same position taken in *Osgood v. Artt.* To our minds, there is a patent fallacy in this contention. Whenever a debt becomes due, and is not paid in accordance with the terms of the contract, a cause of action thereupon arises. This exists as an absolute and unqualified right independent of

where the debtor may be. His absence from the state in no way affects the right of the creditor to commence his action. His absence from the jurisdiction simply affects the service of process, and avoids the possibility of the debtor securing a personal service on the defendant and a personal judgment against him, but it in no way affects a judgment *in rem* against any property he may have within the jurisdiction, nor does it affect the right to commence the action. Indeed, the action must be commenced before process can issue. (Secs. 4138, 4139, Rev. Stat.) It seems to us a strange and novel doctrine to hold that a debtor may by his own acts without the knowledge or consent of his creditor, create for himself a defense that can defeat the creditor's right of recovery. When the debtor enters into a contract within a jurisdiction to pay a certain sum of money within that jurisdiction, a duty and obligation at once arises requiring him to discharge the act at the time and place contracted, and the creditor has a right to assume that he will be there at the time and place when and where the obligation matures ready to discharge it. The debtor, in the face of his contract, should not be allowed to select the jurisdiction in which he will establish his residence and thereby set the statute of limitations of a foreign jurisdiction to running against his creditor without the latter's consent, nor should the creditor be required to keep a detective force in order to keep track of his whereabouts and the various jurisdictions in which he locates, and a law firm to keep him posted as to the statutes of limitations of those several jurisdictions. If the debtor fails to discharge his obligation in accordance with his contract and to keep faith with his creditor he ought not to be heard to plead as a bar in one jurisdiction, that he had previously acquired the defense of the statute of limitations, by residing in another state for the period establishing the bar. It should be remembered that the statute of limitations is not a defense to the action, but is rather a plea to the remedy. (*Chemung Min. Co. v. Hanley*, 9 Ida. 794, 77 Pac. 226.) The fact that a man pleads the statute of limitations does not pay his debt; he still owes it just the same, but it deprives the creditor of his remedy on the theory that he has been guilty

of laches and unreasonable delay in not prosecuting his claim within the period prescribed by the statute. If, however, the debtor should not plead this statute, a valid judgment might be obtained against him even half a century after the execution of the contract. Another thing that is of vital importance in this and similar cases is that under the law of the state where the contract was made, it is still enforceable. As in this case, under the statute of Kansas, the bar of the statute of limitations ceased to run when Theis removed from the jurisdiction, and, at the time this action was commenced, it could have been maintained, under the laws of that state and a judgment *in rem* could have been entered against any property he might have had in that state; or, indeed, a personal judgment might have been recovered against him had he been within the jurisdiction. Now, we do not think it was the purpose or intention of sec. 4079 of our statute to relieve a man from his liability on an obligation incurred in a foreign state by reason of the plea of the statute of limitations of another state or of any country except that particular state in which the contract was executed, and the state in which it is sued upon. The state to which that section refers is evidently the state in which the contract was to be performed. That is clearly the state referred to by the expression "has arisen in another state." In our opinion, it is the intention of our statute to avail a debtor who has entered into a contract to be performed in a foreign state of two, and only two, pleas of the bar of the statute of limitations;—first, he may show that he has resided in this state for a period exceeding that of the bar of the statute of limitations of this state; second, he may show that the cause of action is barred by the statute of limitations of the state in which it was to be performed. Beyond this he may not go.

Counsel for respondent urge that this court approved *Luce v. Clark*, 49 Minn. 356, 51 N. W. 1162, in *Alspaugh v. Reid*, 6 Ida. 226, 55 Pac. 300, and that on the authority of the latter case, and its approval of the Minnesota decision, the trial court sustained defendant's plea in this case, and accordingly followed the line of authorities cited by respondent. It is

true that this court in the Alspaugh-Reid case cited and approved *Luce v. Clark,* but anything like a close examination of that case discloses the fact that the court did not have the question here involved before it, nor was the inquiry presented as to when and where a cause of action arises within the meaning of our statute of limitations. It is also worthy of note that the quotation from *Luce v. Clark,* contained in the original opinion is not entirely in harmony with the comment of the court in denying the petition for rehearing. There it is said that ''a cause of action would arise if payment was not made as stipulated.'' It will also be observed that the opinion in that case denying the petition for rehearing confuses the cause of action or right of action with the power to serve process or acquire personal jurisdiction, and thereupon concludes that a creditor might have a cause of action and yet not be able to ''bring his suit because of the absence of the defendant.''

This expression is entirely misleading, and contrary to sound reasoning and legal principles. It only serves, however, to illustrate the unwisdom and danger of a court discussing and passing upon questions that are not involved in the case.

The trial court erred in allowing the plea of the statute of limitations of the state of Washington, and for that reason the judgment must be reversed, and it is so ordered, and a new trial is granted, and the cause is hereby remanded. Costs awarded in favor of appellant.

Stewart, J., concurs.

Sullivan, J., did not sit at the hearing and took no part in the decision.