STUART C. PILCHER, Plaintiff in Error, v. V. H. CARROLL et al., Defendants in Error.

Middle Section. May 28, 1932.

Petition for Certiorari denied by Supreme Court, January 21, 1933.

W. B. Campbell Pilcher and James S. Pilcher, of Nashville, for plaintiff in error, Pilcher.

C. Wade Wilkes, of Nashville, for defendants in error, Carroll et al.

CROWNOVER, J. This is a suit by H. W. Durham & Co., Durham, Carroll & Co. and V. H. Carroll & Co. to recover $220.91 with

interest, premiums on insurance policies collected by Pilcher while working for H. W. Durham & Co. The defendant denied liability, and pleaded laches and the Texas statute of two years' limitation.

The case originated before a justice of the peace and was appealed to the Circuit Court, where it was tried by a special judge without a jury, and resulted in a judgment for $220.91 without interest in favor of plaintiff V. H. Carroll & Co.

The defendant Pilcher's motion for a new trial was overruled, and he has appealed in error to this court and has assigned errors, which are in substance that the court erred in rendering the judgment:

(1) Because there is no evidence that he owed the account.

(2) Because the action is barred by laches both before and after suit was instituted.

(3) Because the action is barred by the Texas statute of two years' limitation.

The defendant, Pilcher, was employed by H. W. Durham & Co., insurance brokers, in the first part of the year 1917, to deliver fire insurance policies and to collect premium thereon. V. H. Carroll & Co. purchased an interest in said Durham & Co.'s business, and later V. H. Carroll became the owner of the accounts and business. Pilcher was required to account for the collections to the brokers within sixty days after the last day of the month in which the insurance was written, and was to receive four-fifths of the broker's commissions as compensation.

The account in controversy arose over collections made by Pilcher in the month of April, 1917, an itemized statement of the collections and credits being filed in proof.

Defendant Pilcher was engaged in the insurance business in Chattanooga for a few months during the latter part of 1917, then went t New York, where he remained until 1919, then returned to Nashville and engaged in the insurance business until August, 1920, when he went to Texas, and became a resident of Texas. He lived for a few months in Houston, moved to Dallas where he remained a while, and then moved to San Antonio where he remained until August, 1923, when he returned to Tennessee. He was in Memphis and Nashville from August 15 to November, 1923, and in Memphis and New York from April 1st to December, 1924, when he was served with process in this case on December 20, 1924. It will thus be seen that defendant Pilcher was a resident of various cities of Texas from August 20, 1920, to August, 1923.

The Texas statute of limitations bars actions on open accounts and for debt where the indebtedness is not evidenced by a contract in writing, when not commenced within two years after the cause of action shall have accrued.

1. We are of the opinion, after reading the record and going over the accounts, that the first assignment of error is not well made and should be overruled. Without going into details, we think the evidence preponderates in favor of the plaintiffs, who had filed an itemized statement of the account giving the dates and items of each charge. They testified that defendant Pilcher promised to pay the account and that he still owes it. He is not able to refute the account as his memory is hazy and he does not appear to remember about the items.

2. We think the second assignment, that the action should be barred by laches, is not well made. The defendant Pilcher resided in various cities and places and was out of the State most of the time before the suit was instituted. The proof was taken on both sides in 1926, and nothing further appears to have been done until 1930. It appears that the cause was referred to a special commissioner on November 19, 1925, and the proof was taken by depositions in 1926. Nothing further was done until November 15, 1930, when the commissioner was discharged on motion of the plaintiffs as he had failed to make a report. The record does not show the cause of the delay and it does not appear that the defendant objected to the delay until November 15, 1930, when he moved the court to dismiss the action for want of diligence on the part of the plaintiffs in instituting and prosecuting the suit, which motion was overruled. We recognize the rule that a suit may be dismissed for lack of diligence in prosecuting it after the institution of suit, but it does not appear that the delay was due to the plaintiffs' fault.

3. We are of the opinion that the third assignment, to the effect that the action is barred by the Texas statute of two years' limitation, is not well made and should be overruled. The defendant insists that he was a resident of Texas for more than two whole years after the cause of action accrued and before the institution of this suit, and that, therefore, this action is barred by the Texas statute of limitations of two years, and that this suit is, therefore, governed by Shannon's Code, section 4480, which is as follows:

> "Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, whilst the party to be charged was a resident in such state or under such government, the bar is equally effectual in this state."

But after carefully investigating the authorities we are of the opinion that this case does not come within the aforesaid statute, for the reason that the cause of action accrued in the State of Tennessee while the parties plaintiff and defendant were residents of this State. We think that statute was intended to cover actions that accrued

against parties while they were residents of another state and not actions that accrued while the parties were residents of this State.

"A statute prohibiting a suit on a cause of action barred by lapse of time in the jurisdiction in which the cause of action arose has reference only to the primary and original jurisdiction in which it arose, and does not contemplate other jurisdictions in which a cause of action may arise or accrue because defendant takes up his domicil therein. It is wholly immaterial that the defendant, during such intervening period, may have resided in another jurisdiction a sufficient length of time to bar the right of action under its laws if the statutes of limitation of the state of origin of the cause of action and of the state in which suit is brought have not run against the obligation." 17 R. C. L., 703-4, sec. 55; McKee v. Dodd, 152 Cal. 637, 93 Pac., 854, 125 Amer. St. Rep., 82, 14 L. R. A. (N. S.), 780; West v. Theis, 15 Idaho, 167, 96 Pac., 932, 128 Amer. St. Rep., 68, 17 L. R. A. (N. S.), 472.

"A cause of action, as Professor Pomeroy points out with his usual lucidity (Remedies and Remedial Rights, secs. 452 et seq.), arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term and as it is used in the codes of the several states.' It was the right of plaintiff to look for payment of his debt at the time it became due and at the place of payment, New York State. It was the duty of the deceased to pay the debt, not only when it became due, but at the place of payment, New York State. His failure in this regard gave rise to the cause of action, and clearly, therefore, that cause of action arose in the State of New York. In a legal sense the cause of action cannot have two places of origin. It can arise in but one place, and that, in such a case as this, is where the note is payable and the payee resides. As between the states the same rights are reserved by the constitution to the citizens of one that are accorded to the citizens of another. But beyond this, the ability of a creditor to pursue his debtor in foreign jurisdictions rests wholly upon comity and upon the laws of such jurisdiction. This cause of action, therefore, did not arise against the deceased in Europe, where he chanced to be, and, indeed, in the particular country of his location at the time of his default, no remedy may have been open to plaintiff. Whatever subsequent remedies by way of rights of action may have accrued to plaintiff because of the deceased's presence in various

states and countries, they were one and all subordinate to and dependent upon the vital and essential fact that the cause of action had arisen against him in the State of New York." McKee v. Dodd, supra; West v. Theis, supra; Story v. Thompson, 36 Ill. App., 370; Chevrier v. Robert, 6 Mont., 319, 12 Pac., 702; Doughty v. Funk, 15 Okl., 643, 84 Pac., 484, 4 L. R. A. (N. S.), 1029; McCann v. Randall, 147 Mass., 81, 9 Am. St. Rep., 666, 17 N. E., 75; Lawson v. Tripp, 34 Utah, 28, 95 Pac., 520; Shillito Co. v. Richardson, 102 Ky., 51, 42 S. W., 847; Wright v. Strauss & Co., 73 Ala. 227.

"If a defendant was a resident of this State when his note became due and a cause of action accrued against him in this State, and he afterward departed from the State and acquired a residence in another State, his residence there for a time sufficient to bar an action, had one been brought there, would constitute no bar when he returned and was sued in this State." Wooley v. Yarnell, 142 Ill., 442; Parks v. Cadwallader, 53 Ill. App., 236.

It will be observed that the Illinois statute is very similar to our statute relied upon by the defendant, and is as follows: "When a cause of action has arisen in a State or territory out of this State, or in a foreign country, and by the laws thereof an action thereon cannot be maintained by reason of the lapse of time, an action thereon cannot be maintained in this State." Wooley v. Yarnell, supra.

We are of the opinion that the case of Kempe v. Bader, 86 Tenn., 189, 6 S. W., 126, is not applicable to the case at bar for the reason that the cause of action accrued in the State of Missouri when the parties were residents of that State, but the defendant left that State before the statute of limitations had barred the cause of action, and the reasoning in that case about the residence of the parties being immaterial was applicable to another and entirely different statute, Shannon's Code, section 4455, which applies to actions that have accrued against defendants who were non-residents when the action accrued or who became absentees or non-residents after the action accrued. The court held in the case of Kempe v. Bader that that statute, upon its face, applied to any cause of action without regard to the place where it arose or where the residence of either plaintiff or defendant was at the time the contract was made or right of action accrued, and to construe that statute as limited to contracts with residents of this State, would be a strained and narrow construction.

We think that the construction we have put on the statute, Shannon's Code, section 4480, is a reasonable construction and is in accord with the reasoning of the best opinions of other states on the subject. We think that it would be unreasonable, in view of this statute, to require a creditor whose right of action had accrued against the

debtor while a resident of this State, to follow the debtor to many towns and cities in many states to ascertain whether some local statute had barred his right of action. To construe the statute otherwise would require large manufacturing plants and mercantile establishments to keep a detective department in conjunction with their business to follow debtors about over the country.

It results that all the assignments of errors must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court for $220.91 with interest from July 18, 1931, to the present, in favor of defendants in error, V. H. Carroll & Co., and against the plaintiff in error, Pilcher, and the sureties on his appeal bond. The cost of the cause including the cost of the appeal is also adjudged against plaintiff in error Pilcher and the sureties on his appeal bond. Petition for a rehearing was denied.

Faw, P. J., and DeWitt, J., concur.